### DANIEL J. HICKS *vs.* MICHAEL McDONNELL.

An award of arbitrators appointed by rule of court, if made while the record shows that another person had been substituted in the place of one of them, cannot be accepted, although their proceeding was by agreement of the parties and sanctioned by the court, without that fact appearing also of record.

APPEAL from the disallowance of exceptions by the superior court. This was an action of tort in the superior court; and the record showed that at June term 1867 by rule of court under agreement of the parties it was referred to Jarvis Rockwell, Russell C. Brown and Nahum P. Brown for determination; that at February term 1868 Lorenzo H. Gamwell was substituted as arbitrator in the place of Rockwell; that at June term 1868 an award by the three arbitrators first named was filed, dated June 16, 1868, on which day they met and heard the parties; that on motion of the plaintiff this award was accepted by the

*court;* and that a subsequent motion of the defendant to set it aside, for the reason that the hearing was not had before Gamwell but before Rockwell as one of the arbitrators, was overruled and the defendant's exceptions to the order overruling it were disallowed.

*J. C. Wolcott,* for the defendant.

*F. O. Sayles,* for the plaintiff.

HOAR, J.   The award of the arbitrators to whom the rule ot court issued could not be accepted while the record showed that another person was substituted in the place of one of them. If the proceeding under the rule first issued was by the agreement of the parties and sanctioned by the court, the record should be amended to show that fact before the award should be accepted.

> *Acceptance of award set aside, and case remitted for further proceedings.*