JOSEPH P. ELLICOTT & others *vs.* WILLIAM E. COFFIN & others.

An award absolute in its terms, upon a submission under the Gen. Sts. *c.* 147, without restriction or condition, is not subject to revision for the reason that it states the facts found by the arbitrator, the propositions of law urged by the parties, and the arbitrator's conclusions of the law applicable to the facts, unless it appears that the statement is made for the purpose of such a revision.

APPEAL from an order of the superior court for judgment on an award made and returned into that court in pursuance of a submission under the Gen. Sts. *c.* 147, §§ 1, 2.

The record showed, that on April 23, 1870, the appellants, Joseph P. Ellicott and others, as owners of the schooner T. M. Allen, entered, with the appellees, who were partners under the name of William E. Coffin & Company, into a submission, under the statute, of " all demands between them to the determination of John Lathrop, Esquire, counsellor at law, the award of whom being made and reported within one year from this day to the superior court for the county of Suffolk, the judgment thereon shall be final ; " that under date of October 22, 1870, the arbitrator reported his award to the court ; and that it was accepted by the court and judgment ordered thereon, on January 6, 1871.

The award recited that the parties appeared before the arbitrator, and were duly heard, in pursuance of the submission, on several days in April, May and July 1870 ; that the only demand in dispute between them was a claim by the appellants against the appellees for contribution for services rendered and expenses incurred in saving part of a cargo of iron with which the schooner was laden, and attempting to save the residue ; and that the facts and the question at issue thereon were as follows :

The schooner sailed from Hudson in the state of New York for. Pembroke in the state of Maine, on September 5, 1868, laden with 167 tons of pig iron belonging to the appellees, and on September 13 was accidentally sunk in fifty feet of water near Jonesport in Maine. The appellants employed Moses B. Tower to attempt to save the vessel and cargo, for a reasonable compensa-

tion to be paid for his services without regard to his success or failure; and the appellees ratified the contract. Tower raised 117 tons of the iron from the wreck, and delivered it to the appellees; and also saved the masts and rigging. He then attempted to raise the hull, with the residue of the cargo in it, by means of chains drawn around it; and succeeded in doing so, and in towing the hull, with its contents, some distance towards Jonesport, when the chains broke, and it sank again in deep water, and further efforts to raise it or its contents were deemed inexpedient. The expenses of these proceedings exceeded the value of the property saved, by nearly $1400. The proceedings were one continuous operation; the raising of the 117 tons of the iron was done not only for the purpose of saving the cargo, but also to facilitate the raising of the vessel; the expenditures for raising the vessel were incurred not only for the purpose of raising the vessel, but also to save the residue of the cargo; and after the 117 tons of iron were raised, the position of the vessel was such that the residue could not readily be raised by means of divers. All the expenses were defrayed by the appellants; and the question at issue was, as to what proportion of them was chargeable to the appellees.

After thus stating the facts and the question, the award set forth that the appellants contended that the property saved should first be applied to pay the expenses, and the balance of $1400 should be apportioned upon vessel, cargo and freight, according to the value of each respectively, at the time the vessel floated when she was raised by the chains; that the appellees contended that the expenses up to a certain time were for their benefit, and after that time were solely for the benefit of the appellants, and that the appellees were only liable for the expenses first incurred; but that the arbitrator was of opinion, upon the facts, that neither of these views is correct in law; that he found " that the owners of the vessel are entitled to what was saved of the vessel and freight, and the owners of the cargo are entitled to what was saved of the cargo, and each interest should pay its proportion of the entire expenditures, according to the value of each interest at risk when the contract with Tower was made; '

and that he further found that at that time the value of the vessel was $3000, the value of the freight $250, and the value of the cargo $3000, and the amount of the expenses to be thus apportioned was $5440.20, and the costs of the reference, amounting to $200, should be apportioned in like manner. And finally the award was, that the appellees should pay to the appellants $2994.53.

*F. Goodwin*, for the appellants, argued that the law adopted by the arbitrator, as applicable to the facts, was open to revision by the court, first, because the statement of it by the arbitrator of itself implied his intention to subject it to revision; and, second, because it was matter of law apparent upon the record, within the meaning of the Gen. Sts. *c.* 147, § 12, which allows an appeal "from any order or judgment of the superior court founded on matter of law apparent upon the record, on any award made under this chapter;" and he referred to *Skeels* v. *Chickering*, 7 Met. 316; *Henderson* v. *Adams*, 5 Cush. 610; and *Wright* v. *Raddin*, 100 Mass. 319; besides cases cited in the opinion.

*R. D. Smith*, for the appellees.

COLT, J. We are asked to set aside the award in this case as erroneous in matter of law. No questions of law are, by the terms of the submission, which was under the statute, or by the award itself, expressly submitted to the judgment of the court; but the award states the legal principles upon which it is made, and this, it is contended, gives to either party the right to call upon the court to set it aside, if error in law is apparent.

When a claim is submitted by the parties to the judgment of one or more arbitrators, without restriction or condition, the judgment or award thereon is conclusive and binding, unless impeached for fraud or some mistake which caused the case to be so far misapprehended that the result stated does not express the real judgment of the arbitrators upon it. It cannot be disturbed for mere error of judgment upon any matter within the scope of the submission. To allow mistakes of this description to avoid the award would be in effect to reëxamine the original controversy on its merits, and thus render all awards nugatory. In modern times, at least, courts do not thus defeat the settlement

of disputes by the tribunals which the parties have seen fit to select. In the application of these principles, the nature of the question submitted makes no difference. The rule is the same, whether its decision depends upon the finding of a single fact, or whether the result is only to be arrived at by the application of professional learning and experience to a series of complicated facts. In all such cases, mere error of judgment in drawing conclusions, by the aid of peculiar experience and learning, from the facts presented, or in the application of scientific principles to those facts, cannot be shown, to defeat the award. Nor does it, upon principle, make any difference, that the case requires the application of legal principles in its determination. Courts apply these principles to the facts found, and thus arrive at a judgment; but it is clearly competent for the parties to take the matter from the jurisdiction of the courts, and submit the law in dispute, as well as the facts, to arbitration. Where the questions of law are in terms not submitted, but reserved for the court, or where it is manifest, from the award itself, that the arbitrator intended to decide as a court of law would, not meaning to make conclusive his own judgment of what the law is, and setting forth the principles upon which he decides, the court will revise it; because, if erroneous in law, it follows that it is not what the arbitrator intended.

These principles are settled by this court, and it is not necessary to review the numerous cases in which they are discussed. No question can arise, when the submission is unrestricted and the award general, for the decision of all questions of law must then be final; nor when the award is in the alternative, depending upon questions submitted to the court to which it is returned, for then the law must be decided by the court. The difficulty in most of the decided cases has been to ascertain the intention from the terms of the award.

This matter is discussed at some length in *Fairchild* v. *Adams*, 11 Cush. 549, 555, where the submission was under rule of court, and the referees in their award stated in full the facts found and the law by which they were governed, without expressly submitting it to the revision of the court. See copy of award, in 14

Law Reporter, 278. Upon this point, Shaw, C. J., in that case says : " If it is manifest that the referees do not intend to submit the question of law to the court, but merely state the question for the satisfaction of the parties, such statement does not authorize the court to disturb the award ; " but further on he adds : " Perhaps, where they say nothing in regard to their intent, the presumption is that they intend to say, ' these are the grounds of our award ; if they are right in point of law we think the award is right, but we submit the question to the court.' " Stating it in this guarded manner, and without deciding it, he then goes on to consider the principles adopted by the referees, and in conclusion declares " that here is no gross, plain, erroneous mistake of law, such as would authorize a court to interfere with the award."

In the more recent case of *Smith* v. *Boston & Maine Railroad*, 16 Gray, 521, the submission was *in pais* by mutual bonds in the usual form ; the award was of a sum of money ; and a memorandum was annexed, containing " a statement of the facts and principles upon which the foregoing award was made," and declared to be annexed at the request of one of the parties and to be taken as part of the award ; but Dewey, J., declares that it is not apparent from this, that it was intended that the award should be inoperative, if not according to law as held by judicial tribunals, or that the arbitrators did not intend to make an award based upon their own view of the law.

In the opinion of the court, there is nothing in the form of the award in this case, from which it can be implied that the referee intended to have his finding in law open to revision. He states in detail the facts found by him, and then the law found by him as applicable to them, using the same form of expression in his finding of both law and fact, stating the propositions urged by both parties, and adding that in his opinion neither of these views is correct in law. It is enough that there is no affirmative evidence in this that he did not intend to base his award upon his own judgment of the law. The fact that he states the principles of his award is equally consistent with a purpose to do so simply for the satisfaction of the parties, or as a guide in making the adjustment which became necessary. Having thus made an

award, in accordance with the authority given him, in a matter submitted to his judgment, although it should appear from the award that he erred in judgment, yet there is no error in law apparent on the record. *Jones* v. *Boston Mill Co.* 6 Pick. 148. *Bigelow* v. *Newell,* 10 Pick. 348. *Boston Water Power Co.* v. *Gray,* 6 Met. 131. *Ward* v. *American Bank,* 7 Met. 486. *Johnson* v. *Noble,* 13 N. H. 286, 291. *Cushman* v. *Wooster,* 45 N. H 410, 413. *Judgment on the award.*