GEORGE GARDNER *vs.* CITY OF BOSTON.

Suffolk. March 9. — May 4, 1876. GRAY, C. J., did not sit. AMES & MORTON, JJ., absent.

An award under an agreement of parties and rule of court cannot be impeached for error in the application of the rules of law, unless the terms of the submission or award expressly or impliedly subject the latter to the revision of the court. The statement of the grounds of the award, or of the conclusions of law adopted by the referees as applicable to the facts found by them, is insufficient.

COLT, J. A case pending in the Superior Court against the city of Boston, upon a petition for a jury to revise an assessment of benefits caused to the petitioner's estate by the extension of a street, was referred to arbitrators, by agreement of the parties

under a rule of court. They awarded a certain sum as the value of the benefit, and also that the city recover that sum with interest from a given date, making a sum total named in the award.

A motion in the Superior Court to recommit the award with an order to strike out the allowance of interest was denied, and judgment ordered upon the award for the whole amount.

It is contended that, in the absence of statute provisions, or an order of the city fixing a time for the payment of taxes, the arbitrators could not legally award the payment of interest on the amount found by them to be the value of the benefit. Sts. 1862, *c.* 146; 1865, *c.* 159; 1866, *c.* 174; 1868, *c.* 75. *Harvard College* v. *Boston,* 104 Mass. 470. *Boston Seamen's Friend Society* v. *Boston,* 116 Mass. 181.

But the question is not what rule of law would govern if the case had remained and been tried in court. The claim was submitted without restriction or condition to a tribunal selected by the parties. The judgment of that tribunal cannot be impeached for error in the application of the rules of law, unless there is something in the terms of the submission or in the award which expressly or impliedly subjects it to the revision of the court. There is nothing here to show an intention to refer to the court any question whatever. It is not enough that the grounds of the award are stated or the conclusions of law adopted by the arbitrators as applicable to the facts found. *Ellicott* v. *Coffin,* 106 Mass. 365.          *Judgment affirmed.*

*E. D. Sohier & J. E. Hudson,* for the petitioner.

*J. P. Healy,* for the respondent.