## CHARLES COWLEY *vs.* ELIZABETH DOBBINS.

Middlesex.　January 17. — 18, 1878.　ENDICOTT & SOULE, JJ., absent.

If a controversy is submitted to arbitration, under the Gen. Sts. *c.* 147, and the award states no question of law for the opinion of the court, and none is required by the terms of the submission to be stated, the decision of the arbitrators is conclusive.

MOTION in the Superior Court to set aside an award made and returned into that court in pursuance of a submission before a justice of the peace under the Gen. Sts. *c.* 147, §§ 1, 2, on the ground that the arbitrators had made certain mistakes of law.

The submission followed the form given in the statute, and the award, signed by the arbitrators, was as follows : " The subscribers, appointed arbitrators by the annexed agreement of submission between Charles Cowley of Lowell and Elizabeth Dobbins, having heard the parties and their witnesses fully, both parties being present, do award and determine that said Elizabeth Dobbins is indebted to Charles Cowley in the sum of one hundred and fifty-six dollars and seven cents ($156.07), and that said Charles Cowley owes said Elizabeth Dobbins nothing, and except as afoersaid neither party has any claim upon the other. And the arbitrators award that two hundred dollars shall be paid them for their services, one half of said amount to be paid by Charles Cowley, and one half by Elizabeth Dobbins."

*Brigham*, C. J., overruled the motion, and ordered judgment upon the award.　The plaintiff alleged exceptions.

*C. Cowley*, pro se.

*D. S. Richardson & G. F. Richardson*, for the defendant, were not called upon.

BY THE COURT.　The plaintiff's motion shows no grounds for setting aside the award.　No question of law having been stated by the arbitrators for the opinion of the court, nor required by the submission to be so stated, the determination of the arbitrators was conclusive upon all matters of law as well as of fact. *Ellicott* v. *Coffin*, 106 Mass. 365.　*Gardner* v. *Boston*, 120 Mass. 266.　　　　　　　　　　　　　　*Exceptions overruled.*