CHARLES COWLEY *vs.* ELIZABETH DOBBINS.

Middlesex. Jan. 17. — June 28, 1881. FIELD & DEVENS, JJ., absent.

A party to a submission to arbitration, under the Gen. Sts. *c.* 147, cannot, after his motion to have an award made thereunder set aside has been overruled, assign the same reasons in support of a motion to have the submission set aside.

ENDICOTT, J.    These parties submitted all matters in controversy between them to arbitration under the Gen. Sts. *c.* 147. A hearing was had before the arbitrators, and their award was duly filed in the Superior Court.    No question is made that the particular matter in controversy recited in the bill of exceptions was included in the submission and covered by the award.    The plaintiff moved in the Superior Court to set aside the award, and the motion was there overruled and judgment ordered on the award.    To this ruling the plaintiff took exceptions, which were afterwards overruled in this court.    *Cowley* v. *Dobbins*, 123 Mass. 587.    After this decision, in January 1878, other motions appear to have been made in the Superior Court to set aside the award, which were overruled, and no exceptions were taken.    In January 1879, the plaintiff moved in the Superior Court to set aside the submission.    This motion was overruled by the presiding judge, to which ruling the plaintiff excepted, and the correctness of that ruling is now before us.    It is found in the bill of exceptions that " the same allegations now made and reasons now assigned to set aside, discharge and annul the submission in this case have been made upon the previous motions to set aside or recommit or annul the award, and have always been overruled by the court after hearing thereon."    It appears, therefore, that all the facts now relied upon by the plaintiff to set aside the submission were known to him when he made his motions to set aside or recommit the award.

We are of opinion that the exceptions must be overruled. The plaintiff should have attacked the submission when he attacked the award, and having moved to set aside the award, or have the same recommitted, it is now too late for him to move to set aside the submission.    His motion to set aside the award assumes that the submission was valid, and he must be presumed

to have waived his right to have it set aside, and is precluded from objecting to its validity. He cannot be permitted to take his chance of a favorable report, if the award of the arbitrators is recommitted, and reserve to himself the right to impeach the submission, if the report should be against him. *Fox* v. *Hazelton*, 10 Pick. 275. *Fay* v. *Bond*, 3 Allen, 433.

*Exceptions overruled.*

*J. F. Pickering & C. Cowley*, for the plaintiff.
*D. S. Richardson & G. F. Richardson*, for the defendant.