ALVAN ROGERS & others *vs.* ZIZILIA MAYER.

Suffolk.   January 14, 1890. — February 28, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Reference under Rule of Court — Award.*

An action of contract for breach of an agreement in writing was submitted generally by rule of court under the Pub. Sts. c. 188, and the referee made an award absolute in terms, stating, however, somewhat in detail, for the satisfaction of the parties, the evidence and the grounds of his decision. *Held*, that the award upon the questions submitted was final, and was not subject to revision by the court.

W. ALLEN, J.   This is an appeal by the plaintiffs from a judgment of the Superior Court, accepting the award of a referee for the defendant under a rule of court. The only ground upon which the plaintiffs claim that the judgment was erroneous is that the referee erred in the construction which he gave to the written contract declared on. That was one of the questions submitted to the referee, and on which his decision is final. The plaintiffs argue that, although the submission was general,

the referee had authority to submit questions of law to the court, or·to decide them subject to the revision of the court, and that his intention to do so is to be inferred from the fact that he stated the grounds of his decision. But we cannot so construe the report. The referee states the evidence, and the grounds of his decisions of law and of fact, somewhat in detail, but this is obviously and expressly rather for the satisfaction of the parties than because the referee had doubts of the correctness of his decisions, or an intention to present any question of law or fact to the court. The question of the construction of the contract was obviously a material question in the case, and the general submission of it to the referee, and his absolute decision of it, show that the parties and the referee regarded the submission and the decision as final. *Ellicott* v. *Coffin*, 106 Mass. 365. *Carter* v. *Carter*, 109 Mass. 306, 309.

*Exceptions overruled.*

*D. C. Linscott*, for the plaintiffs.

*C. T. Gallagher*, for the defendant.