JEREMIAH T. GILES *vs.* ROYAL INSURANCE COMPANY
& others.

Suffolk.    January 14, 1901. — June 17, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Award*, Validity of submission, of award.  *Practice, Civil*, Appeal.

The decision in *Miles* v. *Schmidt*, 168 Mass. 339, that an agreement to submit all
disputes to a tribunal constituted by the parties themselves is void, has no appli-
cation to an agreement of submission to arbitration under Pub. Sts. c. 188. On
the contrary, submissions under the statute are favored by the court.

One having claims against various insurance companies arising from the destruc-
tion by fire of a building and its contents may make a valid agreement with all
the companies for submission to arbitration under Pub. Sts. c. 188 providing for
an award adjusting all the rights of the parties.

A submission to arbitration under Pub. Sts. c. 188 provided, that the award of the

arbitrators when filed in the Superior Court should be final, that no appeal therefrom should be taken and that the benefit of any appeal from or revision of the award was expressly waived by the parties. There also was a provision, that the person to whom the award was made might take out execution thereon or might at his election procure a decree in equity for the immediate payment of the sum so awarded. *Semble,* that, if there was any objection to the parties waiving a portion of their rights, their attempting to do so did not make the submission invalid. Moreover, that the provision in regard to waiving an appeal could not be construed to exclude an appeal to the court in case of dishonest dealing or to prevent the arbitrators from presenting a question of law to the court, and that the provision for a decree in equity was at most simply invalid.

A single award upon two submissions under Pub. Sts. c. 188 is bad.

In case of a submission to arbitration under Pub. Sts. c. 188, including claims of one plaintiff against several insurance companies who are parties to the submission, the award should state definitely the requirements imposed upon the various companies, so that a separate judgment for a sum of money may be entered against each defendant found answerable to the plaintiff.

An appeal from an order or judgment of the Superior Court on an award, under Pub. Sts. c. 188, § 12, must be founded on matter of law apparent upon the record, and one wishing to object to the ground on which a judge of the Superior Court granted or denied a motion to confirm an award must raise the question by exception, and not by appeal, unless the ground of the decision appears upon the record.

APPEAL under Pub. Sts. c. 188, § 12, from an order of the Superior Court denying a motion of the plaintiff to confirm an award of arbitrators and enter judgment thereon. Report of arbitrators transmitted to the court and opened by the clerk October 23, 1900.

The plaintiff was the owner of the Winslow House, a summer hotel at Wilmot Flat, New Hampshire, and of its furnishings and appurtenances. The hotel and its contents, which were insured in thirteen insurance companies, were totally destroyed by fire on November 29, 1899.

There were two agreements of submission to arbitration. The first was between the plaintiff and three of the insurance companies, and was signed by the parties thereto, and acknowledged on June 11, 1900. It was as follows:

" Know all men, that I, J. T. Giles, of Ellsworth, in the county of Hancock and State of Maine, hereinafter called the party of the first part, by William M. Prest, of Boston, in the county of Suffolk and Commonwealth of Massachusetts, his due and lawful attorney, hereto fully and specially authorized, and the Continental Insurance Company of the city, county and State of New York, and the Traders Insurance Company of

Chicago, in the State of Illinois, and the Victoria-Montreal Fire Insurance Company, of Montreal, Canada, hereinafter called the parties of the second part, by Frederick W. Brown, of said Boston, their due and lawful attorney, hereto especially authorized, hereby agree to submit all demands, claims, actions, or causes of action, between said party of the first part and said parties of the second part, or either or any of them, in any way, directly or indirectly, growing out of a certain fire occurring on or about November 29, 1899, to the hotel and its furnishings and appurtenances of said party of the first part, situated at Wilmot Flat, in the State of New Hampshire, to the determination of Charles F. Chamberlayne, Esq., of Bourne, in the county of Barnstable, Mr. Francis M. Edwards and John H. Colby, Esq., both of Boston aforesaid, and all in said Commonwealth, the award of whom, or the greater part of whom, in writing, being rendered on or before October 1, 1900, to the Superior Court for said county of Suffolk, shall be final, and if either of the parties neglects to appear before said arbitrators after three days' notice given to said Prest and Brown of the time and place appointed for hearing the parties, the arbitrators may proceed in his or their absence. No appeal, whether in point of law or fact, and whether apparent upon the face of said award or otherwise, shall be made to the award of said arbitrators when filed according to the foregoing submission, but the benefit of any appeal from or revision of said award is hereby expressly waived by both parties. And the award is made by mutual agreement and consent immediately, absolutely and finally binding upon all parties upon its being filed. Any sum found due by an award to said party of the first part from the said parties of the second part, or either of them, shall become due and payable absolutely and unconditionally within ten days from the day on which notice of the filing of said award shall·have been given to said Prest or Brown; and said party of the first part, or his attorney, is at liberty to have judgment entered upon said award upon notice to the said party or parties of the second part, and take out execution thereon at any time after the expiration of such ten days, or he may at his election procure a decree in equity for the immediate payment of the sum so awarded on motion and notice at any time after the expiration of such ten days, and

may collect the said sums by the methods invoked in equity proceedings."

The second agreement of submission was between the plaintiff and eight other insurance companies, and was signed by the parties thereto, and acknowledged on July 10, 1900. Except in the names of the parties it was in the same language as the first agreement.

The award was dated September 10, 1900, and concluded as follows: " Much conflicting evidence was introduced before us as to the value of the insured buildings. As appears from the foregoing statement, there were, however, valued policies on said buildings amounting to $8,500, and we accordingly find in favor of the plaintiff against the following companies for the amounts of said valued policies set opposite their respective names: The Manchester Fire Assurance Company $2,500, The Commercial Union Assurance Co., Limited, $2,500, Orient Insurance Company $1,500, London and Lancashire Fire Insurance Co. $2,000.

" In view, however, of the additional real estate insurance existing on said buildings at the time of the loss, which in our judgment ought equitably to contribute to the same, we award and order that the plaintiff assign to said companies, to wit, the Manchester Fire Assurance Company, the Commercial Union Assurance Co., Limited, the Orient Insurance Company, and the London and Lancashire Fire Insurance Company, in proportion to their said payments, all claims he may have under said other real estate policies against the Quebec Fire Assurance Company, the Eastern Counties Insurance Company, the Indiana Insurance Company, the Minneapolis Fire and Marine Mutual Insurance Company, the Michigan Manufacturers Mutual Fire Insurance Company, together with the right to bring suit on said claims in the name of the plaintiff, but without expense to him; together with the benefit and subject to the burden of any agreements for settlement heretofore made, or expenses and fees heretofore incurred, and to return as aforesaid the net proceeds of any settlement collected and actually received by him from the Alexandria Insurance Company, and the Merchants Insurance Company of New Orleans, — the liability of said outside real estate insurance to be upon a finding of a value of $8,500 on the buildings, which we find to be a fair value of

the same under said insurance contracts.　And we direct, award and order said Indiana Insurance Company, Minneapolis Fire and Marine Mutual Insurance Company, and Michigan Manufacturers Mutual Fire Insurance Company, to pay the respective amounts of their liability to the plaintiff to said companies as aforesaid.

"Much conflicting evidence was also introduced before us as to the value of the furniture and fixtures of said hotel.　Upon full consideration of the same we find that a fair value of said furniture was $2,000, and we hereby award that the plaintiff recover from the following companies the sums set opposite their respective names: Traders Insurance Company $400, Continental Insurance Company $1,000, Victoria-Montreal Insurance Company $600.

"The foregoing finding and award is made by a majority of the referees, Mr. Francis M. Edwards being present, but not assenting thereto nor concurring therein.　Charles F. Chamberlayne, John H. Colby, Majority of Arbitrators."

A motion by the plaintiff, that judgment be entered upon the award and that the award be accepted and confirmed, was denied by the Superior Court on November 1, 1900.　From the order denying this motion the plaintiff appealed.

The case was submitted on briefs at the sitting of the court in January, 1901, and afterwards was submitted on briefs to all the justices.

*W. M. Prest*, for the plaintiff.

*A. E. Pillsbury & F. W. Brown*, for the defendants.

HOLMES, C. J.　The plaintiff having had a loss by fire and having claims against various insurance companies, signed an agreement intended to be a reference to arbitration under Pub. Sts. c. 188, with three of the companies that had insured furniture and fixtures.　A little later he signed another similar agreement with eight other companies that had insured buildings. The arbitrators made an award, single in form, upon the two submissions, the plaintiff moved for judgment, his motion was denied, and the case is here by appeal.

Notwithstanding the language in *Monosiet v. Post*, 4 Mass. 532, we are disposed to deal as little technically as possible with what seems a very good contrivance for reaching a judg-

ment by a summary process when the parties are willing to agree to it. See *Strong* v. *Strong*, 9 Cush. 560, 564. The case of *Miles* v. *Schmidt*, 168 Mass. 339, has no application, as it did not concern a submission under the statute.

The joinder of defendants against whom the causes of action were several and distinct in a single instrument does not seem to us fatal. Each submission may be regarded as in substance equivalent to as many submissions as there are defendants, although there are reasons to be mentioned which made it desirable to bring the policies on a single subject matter into a single proceeding. If it should be urged that there must be several judgments and that, as the submission is to be the foundation of record upon which each judgment is to rest, when the cause of action is distinct the submission should be distinct also to the same extent as the writ and pleadings of which it takes the place, *Whitney* v. *Cook*, 5 Mass. 139, 143, the answer is that the submission may be entered as many times as there are separate defendants. But, further, the misjoinder of defendants severally liable in contract and severally capable of submitting their case to the jurisdiction of the court in this form does not affect the jurisdiction of the arbitrators or of the court, and it would not be going very far to say that by consenting to a single submission the several defendants have estopped themselves to object to the joinder, which is their own act, and that no one else can complain.

However, we do not mean to stop here. It is evident that the joinder of parties was with an intelligent design which we see no reason for not carrying out. It is true that the claims against different insurance companies are distinct. But if all the policies are on the same risk it is at least convenient, and may be important, that all the companies should be represented in any adjustment that takes place. Their burdens may have to be equalized in one way or another. *Wiggin* v. *Suffolk Ins. Co.* 18 Pick. 145, 153. May, Ins. (4th ed.) § 13. Massachusetts Standard Form, St. 1894, c. 522, § 60. The statute allows all controversies which might be the subject of a suit in equity to be submitted to arbitration as well as those which would end in a personal action at law. Pub. Sts. c. 188, § 1. All demands of a personal nature between the parties may be submitted at once,

and the " submission may be varied in this respect in any other manner, according to the agreement of the parties." § 3.    It seems to us that taking these provisions together we fairly may regard it as within the scope of the statute, in such a case as we have supposed, to submit all the rights of the parties to a single award which shall determine not merely the primary legal right of the plaintiff under his several contracts but also the subsidiary equities of all the parties, at least so far as they affect the amount ultimately to be paid by each to the plaintiff, without the many proceedings which but for this short cut might be necessary before the whole matter was at rest.    We also are of opinion that the submissions by implication have this end in view.    As the Superior Court now has general equity jurisdiction, some of the reasoning in *Brown* v. *Evans*, 6 Allen, 333, no longer applies.

If we are right so far, the main difficulties are out of the way. In the opinion of a majority of the court the agreements in the submissions which go beyond the statute do not invalidate them. If there is any objection to the parties' waiving a portion of their rights, at least there is no question of illegality.    So far from attempting to exclude the jurisdiction of the courts, the root of the whole matter is that the parties submit themselves to the judgment of the court.    But further, the words add little to what would have been the law without them.    *Ellicott* v. *Coffin*, 106 Mass. 365, 367.    *Cowley* v. *Dobbins*, 123 Mass. 587.    See *Carter* v. *Carter*, 109 Mass. 306, 309; *Gardner* v. *Boston*, 120 Mass. 266; *Rogers* v. *Mayer*, 151 Mass. 279.    They cannot be construed to exclude an appeal to the court in case of dishonest dealing. They do not prevent, or purport to prevent, the arbitrators presenting a question of law, the answer to which by the court is a condition of their award.    *Ellicott* v. *Coffin*, 106 Mass. 365, 368. If they mean anything, they are intended to contract against the objections to the submission which the defendants do not seem to have felt estopped to urge.    The only noticeable departure from the legal effect of the submission is the provision for a decree in equity, and that at most is simply invalid.

The award may be sustained so far as it lays the foundation for a decree adjusting all the rights of the parties to the second submission.    So it may be sustained so far as it entitles the

plaintiff to several judgments against the three companies that were parties to the first.    But as it is a single award upon two submissions it cannot be upheld in its present form.    *Tudor* v. *Peck,* 4 Mass. 242, 243.    Probably it should be recommitted, *Blood* v. *Robinson,* 1 Cush. 389, *Preston* v. *Knight,* 120 Mass. 5, 8, and the arbitrators instructed to make two awards and also to make certain and definite those requirements which in the report as it stands are left vague, so that separate judgments for a sum of money may be entered against each defendant found answerable to the plaintiff.    *Day* v. *Laflin,* 6 Met. 280, 285. *Lincoln* v. *Whittenton Mills,* 12 Met. 31.    *Fletcher* v. *Webster,* 5 Allen, 566.    See *Brown* v. *Evans,* 6 Allen, 333.

We have taken the case on the footing on which it is presented by the parties.    But in order properly to raise the questions argued, the plaintiff should have taken exceptions.    On appeal the record does not show the ground on which the plaintiff's motion was denied.    *Bent* v. *Erie Telegraph & Telephone Co.* 144 Mass. 165, 166.    *James* v. *Southern Lumber Co.* 153 Mass. 361, 365.

*Order of Superior Court affirmed.*