LUCY S. NAY *vs.* BOSTON AND WORCESTER STREET RAILWAY COMPANY.

GEORGE M. NAY *vs.* SAME.

Suffolk.  March 16, 1906. — September 4, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Arbitrament and Award.  Election.*

Where in a pending action of tort for personal injuries the parties file in court an agreement of submission to arbitration to determine the amount of the damages, which in the main is in the terms of a statutory submission under R. L. c. 194 but is void as a submission under that statute from a failure to comply with its terms, and the agreement is " allowed " by the court, if one of the parties to the action, in opposing a motion to dismiss the reference to arbitration and reject an award made under it, asks for rulings that the reference and the award are valid under the statute and are in compliance with its terms, that party is bound by these requests and afterwards cannot take the ground that the reference although void under the statute is good as a reference for the assessment of damages under an order of court.

An attempted submission to arbitration under R. L. c. 194, which provides that the arbitrators shall hear the parties only in case they consider hearings necessary, is void for want of compliance with the statute.

An attempted submission to arbitration under R. L. c. 194, which provides that

if two physicians named as arbitrators are unable to agree as to the damages caused by certain personal injuries they shall call in as a third arbitrator some reputable physician on whom they agree and that the award of a majority of the three arbitrators shall be final, is void for want of compliance with the statute.

Where two several causes of action of a wife and her husband against the same corporation and arising from the same injuries are submitted to arbitration by an agreement under R. L. c. 194, an award of a round sum to the wife and her husband jointly is void.

TWO ACTIONS OF TORT, one by a married woman for personal injuries and the other by her husband for expenses and the loss of her services and society caused by the injuries.    Writs dated November 30, 1904.

The following agreement of the parties was filed in the Superior Court on June 19, 1905:

" Be it known that Lucy S. Nay, wife of George M. Nay, of Boston, in the County of Suffolk, and George M. Nay, of said Boston, as her husband, of the first part, and the Boston & Worcester Street Railway Company, a corporation duly organized under the laws of the Commonwealth of Massachusetts, of the second part, hereby agree to submit the demands, a statement of which is contained in two declarations filed in said Superior Court for Suffolk County, copies of which are sent herewith, and all other demands between them, to the arbitration of Dr. Edward Reynolds of 65 Marlborough Street, Boston, and Dr. James R. Chadwick of 230 Clarendon Street, Boston, the award of whom being made and reported within six months from this date, the judgment thereon shall be final, but without costs of court, against the said Boston & Worcester Street Railway Company, and on application of party of the first part execution may issue thereon.    If the said Dr. Edward Reynolds and the said Dr. James R. Chadwick are unable to agree, they shall call in as a third arbitrator some reputable physician on whom they may agree, and the award of a majority of the three arbitrators may then be reported and shall be final.    If either of the parties hereto neglects to appear before the arbitrators, after due notice given to them of the time and place appointed for hearing said parties, if said arbitrators consider hearings necessary, said arbitrators may proceed in the absence of the parties so neglecting to appear before them.

" The liability of the Boston & Worcester Street Railway

Company is admitted and the question of damages, if any, to be decided by the arbitrators hereunder, is based upon the following propositions:

" First:  Taking into consideration the previous medical history and age of Lucy S. Nay, what injury, if any, did she suffer as a result of the accident at Chestnut Hill on October 22, 1904. Counsel agree that as a matter of law, if injured, she is entitled to recover fair and reasonable compensation based on her suffering and the duration thereof, her incapacity as to her ordinary occupation resulting from said accident according to the length thereof, her permanent injury, if any, her loss of earnings if any. All the foregoing in so far only as the same are the result of said accident.

" Second:  All reasonable expenses in excess of usual and ordinary expenses made necessary by the accident of October 22, 1904.  The written statement of George M. Nay, her husband, annexed, may be considered.

" If any questions arise as to the law of damages, regarding which the arbitrators desire legal advice, they may submit these questions in writing to both counsel, who will return an answer to the same in writing.

" Dated this 16th day of June, 1905.

" Lucy S. Nay, and George M. Nay, as her husband, by Frank N. Nay, Attorney, Party of the First Part.

" Boston & Worcester Street Railway Company, by Guy Murchie, Attorney, Party of the Second Part."

" Commonwealth of Massachusetts.  Suffolk, ss.  Boston, June 16, 1905.

" Then personally appeared the above named Frank N. Nay, attorney for the party of the first part, and Guy Murchie, attorney for the party of the second part, and severally acknowledged the above instrument by them signed to be the free act and deed of the several parties represented by them, before me,

" Alton W. Eldredge, Notary Public."

On June 30, 1905, the following award by the persons named as arbitrators was filed in court:

" Whereas, an agreement for arbitration made and executed between the above parties has been referred to us, and we have

examined said Lucy S. Nay, and have considered her claim and the claim of her husband, and have agreed without the need of calling in a third physician ;

" Now therefore, we as arbitrators find that the Boston & Worcester Street Railway Company should pay said Lucy S. Nay and said George M. Nay jointly the sum of Fifteen Hundred Dollars ($1500) and an award of that amount is hereby made this 26th day of June, 1905, in accordance with the terms of said agreement for arbitration, to be reported to the Superior Court for the County of Suffolk, in accordance with the terms of said agreement for arbitration.

" James R. Chadwick, M. D., Edward Reynolds, Arbitrators."

After the award the plaintiffs filed a motion to dismiss the reference to the physicians of the question of damage on which they had made an award, and attached to the motion an affidavit of the plaintiff Lucy S. Nay.   Subsequently affidavits of Dr. Edward Reynolds, Dr. James R. Chadwick and Frank N. Nay, counsel for the plaintiffs, were filed.

The motion was heard by *Lawton*, J. upon the affidavits filed in court.

The defendant requested certain rulings, of which some were given and the others refused.   The judge was asked, generally, to find and rule upon all the competent evidence presented that the motion of the plaintiffs should be denied, that the agreement of arbitration was valid and should not be dismissed, and that the award of the physicians was a valid and binding award. The judge refused so to rule, but allowed the motion of the plaintiffs, and made an order rejecting the award and dismissing the order of reference.   The defendant appealed, and also alleged exceptions.

The first, second and thirty-first rulings requested by the defendant which are mentioned in the opinion were as follows:

" 1.  The reference to arbitration in these cases is valid and in compliance with the terms of chapter 194 of the Revised Laws of Massachusetts.

" 2.  The award of the arbitrators is in form and substance in compliance with the terms of chapter 194 of the Revised Laws of Massachusetts."

" 31. I rule that inasmuch as no hearings as contemplated by the statute, Revised Laws, chapter 194, were held, and the defendant had no notice of any examination of Mrs. Nay and was not present and had no part in the proceeding, and the proceeding was devoid of any formality or attempt at formality, that the rule that 'all the arbitrators shall meet and hear the parties' does not apply."

The judge gave the rulings, numbered 1 and 2 and refused to give the ruling numbered 31.

*G. Murchie & J. F. Bacon*, for the defendant.

*E. N. Carpenter*, for the plaintiffs.

LORING, J. The parties to these two actions at law might have submitted to arbitration the matters in dispute between them by a submission *in pais*, a submission under the statute, or by a rule of court made in each action. If the first method of procedure had been adopted, the only way of enforcing the award would have been by an action on the award when made. If the second had been adopted, it would have been an independent proceeding in court. The third method of procedure is the only method which *proprio vigore* would have ended the further prosecution of these two actions.

Had it not been for the first, second and thirty-first rulings asked for by the defendant, it might have been somewhat difficult to decide which method of submission to arbitration the parties in these actions intended to take. On the one hand the submission in the main is in the terms of a statutory submission under R. L. c. 194. On the other hand it was filed in the two actions and "allowed" by the court.

But the defendant is bound by its first, second and thirty-first requests for rulings, in which it in effect asked that the submission should be treated as a submission under the statute. As a statutory submission it is void. It departs from the form prescribed in R. L. c. 194, in providing in substance (first) that no hearings are to be had except in the discretion of the arbitrators, and (second) for the selection of " some reputable physician " as a referee if the two arbitrators named are unable to agree. These are matters of substance, and render the submission void as a submission under the statute. As to the second objection stated above see *Monosiet* v. *Post*, 4 Mass. 532; *Frank-*

*lin Mining Co.* v. *Pratt,* 101 Mass. 359. As to the general principle see *Abbott* v. *Dexter,* 6 Cush. 108; *Bent* v. *Erie Telegraph & Telephone Co.* 144 Mass. 165. This rule was not overthrown by the recent decision in *Giles* v. *Royal Ins. Co.* 179 Mass. 261.

Since the defendant elected to treat the submission to arbitration as a submission under R. L. c. 194, and as a submission under that statute it is void, there was no error in proceeding with the trial of these two actions in the court below.

It is perhaps worth while to state in addition that the present award in any event was bad because it was a joint award on the submission of two several causes of action. See *Giles* v. *Royal Ins. Co.* 179 Mass. 261.

The appeal is not properly before us, no final judgment having been entered.

*Appeal dismissed ; exceptions overruled.*