GEORGE F. LAWTON, JUDGE OF PROBATE, *vs.* ROBERT S. CORRIGAN, administrator, & others.

Middlesex.    March 29, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Practice, Civil,* Assessor, Scire facias, Equitable defence, Answer, Appeal, Exceptions, Report. *Executor and Administrator.*

An assessor, to whom, after a bond of an administrator of the estate of a deceased person has been ordered forfeit, a scire facias proceeding by a creditor of the estate against the administrator and the surety on his bond has been referred "to determine and report to the court the amount for which execution should issue," is not a species of auditor, but is a different kind of judicial officer.

Upon an appeal by the defendants from the granting of a motion for execution based upon findings of fact by an assessor in a scire facias proceeding by a creditor upon a probate bond against the administrator of the estate of a deceased person and the surety upon his bond, it was *stated* that, without so deciding, it was assumed in favor of the defendants that, under the form of report with alternative findings made by the assessor, an appeal lay, although the safer course would have been to have brought the case to this court by exceptions or by a report by the judge of the Superior Court.

From the report of the assessor in a proceeding of the character above described, the following facts appeared: The plaintiff was the assignee of the original judgment creditor and also was a son of the intestate. The intestate's widow and several of his children had survived him. There had not been sufficient personal property to pay the debts of the intestate, and probably both personal property and real estate would have been insufficient for that purpose. The administrator had made default in the condition of his bond in that he at no time had filed and had had allowed an account showing a complete distribution of the estate of the deceased. He had not taken proper steps to sell sufficient real estate to pay the judgment and had allowed money which could have been used for that purpose to be diverted to other purposes and had been negligent and obstinate in some respects in his manner of handling the estate. There had been in the hands of the widow from time to time ample funds to pay the judgment, which had been paid to her from sales of real estate of the intestate, but she was maintaining a home for herself and for all her children on the homestead of her deceased husband and did not use it to pay that judgment. The plaintiff had conveyed his share in the real estate to his mother, as did also two of his brothers, the mother being guardian of several remaining children. About one half of the consideration which the plaintiff had paid for the assignment of the judgment was paid by him and out of money belonging to himself and the other half was furnished to him by his mother, who had received an aggregate of about $1,350 during 1917 and 1918 out of his pay as an officer in the army upon an understanding that she was to take care of it and use it if she needed it, and that otherwise it was to be his. *Held,* that

(1) The fact, that from time to time the widow had had, in funds received from the sale of real estate of the intestate, money sufficient to pay the judgment, did not affect the plaintiff's right to collect the judgment;

(2) It could not be inferred on the record that the money advanced to the plaintiff by his mother was from the funds received by her from sales of real estate of her intestate husband: that was all left to conjecture;

(3) While the amount for which execution was to issue was to be determined in equity, there were no principles of chancery law which in the circumstances prevented the plaintiff from receiving the full amount of the judgment.

Scire facias by the assignee of a judgment creditor of the estate of Attilio Amoroso, late of Natick, against Robert Shaw Corrigan, administrator of the estate, and Massachusetts Bonding and Insurance Company, surety on his bond. Writ dated December 10, 1920.

In the Superior Court, the bond declared on was found to have been forfeit and the action was reported to an assessor "to determine and report to the court the amount for which execution should issue." Material facts found by the assessor are reported in the opinion. His alternative findings, there referred to, were as follows:

"1. If equitable defences are not to be considered, then as Arnold D. Amoroso is the holder of an unsatisfied judgment amounting as above stated, with interest, to $801.88; and as the defendant at no time filed and had allowed an account showing the complete distribution of the estate; and as he did not take proper steps to sell sufficient real estate to pay the Benfield judgment, and allowed money which could have been used for that purpose to be diverted to other purposes, he and his surety are liable for that amount, and execution should issue therefor, with interest from the date of the writ.

"2. If, however, the equities of the parties are to be considered and equitable defences allowed, then I find that inasmuch as there was in the hands of the widow, acting as the head of the family and for the benefit of herself and her sons, ample funds to meet this judgment, and as she was maintaining a home for herself and all her children, and as she advanced all of the money necessary to purchase the Benfield judgment above $253, whether she actually took it out of the allotment money or not, her payments should be treated so far as the family are concerned as pro tanto satisfaction of the judgment, and the plaintiff, Arnold

D. Amoroso, be entitled to execution for the amount which he actually advanced, viz., $253 with interest from July 28, 1919, to the date of the writ, amounting to $20.75, a total of $273.75; and execution should issue for that amount with interest from the date of the writ."

A motion by the plaintiff for execution was allowed in the sum of $801.88 with costs. The defendants both appealed.

*F. W. Bacon,* for the defendants.

*G. M. Poland,* for the plaintiff.

RUGG, C. J. This is a scire facias by a creditor to secure a new execution after execution has once been awarded on the bond of an administrator. R. L. c. 149, § 34. G. L. c. 205, § 34. The court having found after hearing that the bond declared on had become forfeit and that the plaintiff was entitled to judgment, the case was referred to an assessor to determine and report the amount for which execution should issue. The assessor made a full report and alternative findings. Thereafter the plaintiff filed a motion that execution issue for the larger amount found by the assessor, with costs. The motion was allowed.

An assessor is not a species of auditor but a different kind of judicial officer. *Speirs* v. *Union Drop Forge Co.* 180 Mass. 87, 89. *Forbes* v. *Allen,* 240 Mass. 363, and authorities collected in each case. Without so deciding it is assumed in favor of the defendants that, under the form of report here made in a case like the present, an appeal lies, although the safer course is to bring the case here by exceptions or report. See *De Propper, petitioner,* 236 Mass. 500, and cases collected.

Arnold D. Amoroso is the assignee for a valuable consideration of a judgment obtained by one Benfield, a creditor of the estate of the deceased Attilio Amoroso, of which the defendant Corrigan is administrator. The deceased intestate died in 1913, leaving real estate and personal property, the latter being insufficient to pay his debts and both probably insufficient if sales of the real estate had been enforced for a prompt settlement of the estate. Arnold D. Amoroso, his eldest son, conveyed his share in the real estate to his mother, as did also two of his brothers, the mother being guardian of several remaining children. About one half of the consideration for the assignment of the Benfield judgment was paid by Arnold out of money belonging to him-

self and the other half was furnished to him by his mother, who had received an aggregate of about $1,350 during 1917 and 1918 out of his pay as an officer in the army upon an understanding that she was to take care of it and use it if she needed it; otherwise, it was to be his. There were in the hands of the widow from time to time ample funds to pay the Benfield judgment, paid to her from sales of real estate of the intestate but she was maintaining a home for herself and all her children on the homestead of her deceased husband and did not use it to pay that judgment. This circumstance does not affect the right of Arnold D. Amoroso to collect the amount of the judgment of which he is the assignee.

The amount for which execution is to issue is to be determined in equity. R. L. c. 149, § 31, now G. L. c. 205, § 31. *Harmon* v. *Weston*, 215 Mass. 242, 246. There are no principles of chancery law which prevent Arnold D. Amoroso from receiving the full amount of his judgment. He had no legal interest in the real estate of his deceased father at the time. For aught that appears the money which he received from his mother toward the purchase of the judgment was a return of his own money or the payment of a debt recognized as due from her to him. See *Cohen* v. *Levy*, 221 Mass. 336. It cannot be inferred on this record that the money advanced to him by his mother was from the funds received by her from sales of real estate of her intestate husband. That is all left to conjecture.

The administrator has made default in the condition of his bond in that he has at no time filed and had allowed an account showing a complete distribution of the estate of the deceased. It has been found by the assessor that he did not take proper steps to sell sufficient real estate to pay the Benfield judgment, and has allowed money which could have been used for that purpose to be diverted to other purposes, and that he was negligent and obstinate in some respects in his manner of handling the estate. There are no equities as between Arnold D. Amoroso and the administrator which render it inequitable that execution now issue for the full amount due on the judgment.

*Order for execution affirmed.*