ALONZO B. SEE & another *vs.* BUILDING COMMISSIONER OF SPRINGFIELD.

Hampden.    September 20, 1923. — October 8, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Building Commissioner. Elevator. Superior Court. Jurisdiction. Statute,* Repeal, Construction, Revision.

Upon a petition, filed in the Superior Court on May 20, 1920, under St. 1913, c. 806, § 11, by an owner of a building in a city other than Boston and a builder of elevators therein, in the nature of an appeal from an order of the building commissioner of the city relating to the elevators, a judge of the Superior Court on January 6, 1921, entered an order appointing experts, entitling the order as made " under provisions of Acts of 1923 [*sic*] Chapter 806, Section 11." *Held,* that the order must be assumed to have been entered under G. L. c. 143, § 70.

The omission from St. 1913, c. 806, of any provision for the payment for services or disbursements by experts appointed under § 11 of that statute

upon a petition in the nature of an appeal from an order of an inspector of buildings as to elevators, while in St. 1913, c. 655, § 56, provision is made for compensation of experts appointed on a petition under § 55 in the nature of an appeal from an order of a building inspector under building inspection laws, is significant, and this court only can interpret the words of the statute according to the common and approved use of the language without enlargement or restriction and without regard to their own ideas of expediency.

A revision of preëxisting statutes is to be read in the light of those statutes and as a continuation of those earlier provisions unless there is clear indication of a legislative intent to change the meaning, and such intent must be shown by something more than mere verbal changes.

Under G. L. c. 143, and the preëxisting statutes out of which it was formed, there is no provision for payment of the experts appointed on appeals from decisions of inspectors as to elevators under § 70 of that chapter.

Experts appointed under G. L. c. 143, § 70, cannot rightly be treated as coming within the classification of auditors, masters, commissioners, referees, arbitrators or assessors, whose compensation is governed by other statutory provisions.

PETITION, filed in the Superior Court on May 20, 1920, under G. L. c. 143, § 70, by Alonzo B. See, doing business under the name A. B. See Electric Elevator Company, and Frank L. Dunlap, in the nature of an appeal from an order of the building commissioner of the city of Springfield relative to elevators installed by the petitioner See in a building of the petitioner Dunlap.

By an order, entered on January 6, 1921, by direction of *Fox,* J., and entitled, " Order appointing Experts under Provisions of Acts of 1923 [*sic*] Chapter 806 Section 11," the petition was referred to three experts, who decided that the order of the building commissioner should be altered.

The experts then petitioned that $1,000 be paid to them by the county of Hampden for their services as experts. The petition was heard by *Hammond,* J., who ruled that he had " no authority to make an order," ordered that a " decree " be entered dismissing the petition of the experts " without prejudice to the right of the petitioners to ask for an order compelling the plaintiffs to pay the compensation due to the petitioners, or to any other remedy," and reported the " case " to this court for determination.

*W. P. Everts & T. W. Morris,* for McLauthlin and others, submitted a brief.

RUGG, C.J. One of the original petitioners installed two electric passenger elevators in a building in Springfield owned by the other original petitioner. The respondent is building commissioner of Springfield. Acting under the power conferred by St. 1913, c. 806, § 1, now G. L. c. 143, § 62, he wrote to the owner of the building a letter calling attention to particulars in which the elevators as installed were not in compliance with requirements of law, as he thought. The petitioners under the provisions of St. 1913, c. 806, § 11, now G. L. c. 143, § 70, appealed to the Superior Court. In the Superior Court on that appeal three experts were appointed. The order appointing such experts notwithstanding its title, having been entered on January 6, 1921, must be assumed to have been entered under G. L. c. 143, § 70, since St. 1913, c. 806, with an exception not here relevant, was repealed by G. L. c. 282, which took effect from and after December 31, 1920. G. L. c. 281, § 1. By § 2 of the latter chapter the governing section of the General Laws was but a continuation of St. 1913, c. 806, § 11. The three experts thus appointed modified the requirement of the respondent by their decision filed in accordance with the statute. The experts then filed the present petition in the original case praying for an order that their services and expenses be paid by the county of Hampden. The judge of the Superior Court ruled as matter of law that he had no authority to make such an order. His report of the correctness of that ruling presents the only matter for determination.

The earliest provision of law respecting the appointment of experts to decide controversies arising from an order, requirement or direction of an inspector of buildings touching elevators was in § 11 of St. 1913, c. 806. Its pertinent words were, " Whoever is aggrieved by the order, requirement, or direction of an inspector of buildings in reference to the installation or alteration of elevators may . . . appeal to a judge of the Superior Court . . . for an order forbidding its enforcement . . . a hearing may be had before said court . . . or the court may appoint three disinterested persons, skilled in the subject matter of the controversy to examine

the matter and hear the parties; and the decision of said court, or the decision, in writing and under oath, of the majority of said experts . . . may alter, annul or affirm such order, requirement or direction. . . ." There is no provision in that or in any other section of said c. 806 for payment of compensation or expenses of such experts. The building inspection laws were revised and codified by St. 1913, c. 655. In § 55 of that act is provision for appeal to the Superior Court from an order, requirement or direction of a building inspector issued under those building inspection laws and for appointment by the court of three experts similar to that in St. 1913, c. 806, § 11. In § 56 of c. 655 was express provision for compensation to such experts. The omission of any like provision in c. 806 of the acts of the same year enacted by the same General Court is significant. Whether that omission was by intention or by oversight we cannot know. We can only interpret according to the common and approved usage of the language the words of the statute without enlargement or restriction and without regard to our own ideas of expediency. *Bergeron, petitioner,* 220 Mass. 472, 475. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69. *United States* v. *Weitzel,* 246 U. S. 533, 543.

It is plain that, so long as c. 655 and c. 806 were in force, provision for compensation of experts appointed under the former statute was made, but no such provision was made in the latter statute.

Both these statutes were embodied in G. L. c. 143. Since the General Laws were in force at the time the appointment of experts was made in the case at bar, its provisions govern. A revision of preëxisting statutes is to be read in the light of those statutes and as a continuation of those earlier provisions unless there is clear indication of a legislative intent to change the meaning. *Derinza's Case,* 229 Mass. 435, 442. *Lacy* v. *Selectmen of Winchendon,* 240 Mass. 118, 121.

The provisions of St. 1913, c. 655, as to appeal and appointment of experts in cases of dissatisfaction with orders of inspectors under the building inspection laws, are found

in § 55 of that chapter, and those as to compensation of experts, in § 56.

The provisions of St. 1913, c. 806, respecting appeal and appointment of experts in cases of dissatisfaction with orders of inspectors concerning elevators, are found in § 70 of said c. 143, which refers to said § 55 for procedure. There is no express provision for compensation of experts appointed as to elevators and there is no reference to said § 56.

It is a familiar principle of statutory construction and interpretation that a revision of statutes does not alter the meaning of the original enactment unless something more than mere verbal changes are found. *Commonwealth* v. *Kozlowsky*, 238 Mass. 379, 387, and cases there collected. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, 328.

The conclusion from these principles is inevitable that under G. L. c. 143, and the preëxisting statutes out of which it was formed, there is no provision for payment of the experts appointed in appeals from decisions of inspectors as to elevators.

The compensation of auditors, masters, commissioners, referees, arbitrators and assessors is governed by statute. Formerly such fees were taxed as a part of the costs. See *Fessenden* v. *Nickerson*, 125 Mass. 316. Now they are paid by the counties in which they are appointed with exceptions not here material. G. L. c. 221, §§ 55, 61. Without tracing the history of those officers, the several statutes authorizing their appointment and the methods for paying their compensation, it is enough to say that the only present authority for awarding compensation to be paid by the counties is under the statutes just cited. It is not necessary to attempt to differentiate with exactness between the several officers just mentioned or to define each with care. See as to auditors, *Fanning* v. *Chadwick*, 3 Pick. 420, *Holmes* v. *Hunt*, 122 Mass. 505, 512, *Ex parte Peterson*, 253 U. S. 300, *Locke* v. *Bennett*, 7 Cush. 445; as to masters, *Dean* v. *Emerson*, 102 Mass. 480, 482, *Falmouth* v. *Falmouth Water Co.* 180 Mass. 325, *Chapman* v. *Chapman*, 224 Mass. 427, *Stockbridge* v. *Mixer*, 227 Mass. 501, 510; as to special masters,

*Rioux* v. *Cronin,* 222 Mass. 131, 139; as to assessors, *Forbes* v. *Allen,* 240 Mass. 363, *Lawton* v. *Corrigan,* 242 Mass. 145, 147; as to commissioners, *Selectmen of Danvers* v. *Commonwealth,* 184 Mass. 502, 506, 507, *In re Metropolitan Park Commissioners,* 209 Mass. 381, 384, *Brackett* v. *Commonwealth,* 223 Mass. 119, 125, *Opinion of the Justices,* 234 Mass. 612, 616; as to referees, *Palmer* v. *Clark,* 106 Mass. 373, 389, *Fairchild* v. *Adams,* 11 Cush. 549, *Rogers* v. *Mayer,* 151 Mass. 279, *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, *Electric Supply & Maintenance Co.* v. *Conway Electric Light & Power Co.* 186 Mass. 449, *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518; as to arbitrators, *Ellicott* v. *Coffin,* 106 Mass. 365, *Boyden* v. *Lamb,* 152 Mass. 416, *Warner* v. *Collins,* 135 Mass. 26. It is enough to say that we do not think the experts provided for in G. L. c. 143, § 70, can rightly be treated as any one of them. Moreover, the circumstance that express provision is made for the payment of experts when appointed under one section of G. L. c. 143, for decision of one class of appeals, and no such provision is made for those appointed under another section for the decision of a different class of appeals, is some indication that the latter experts were not intended to be included under any general classification of other named judicial officers.

It is easy for a case of omission to arise in the enactment of long and complicated statutes. If the case at bar is of that class, the remedy lies with the legislative department of government.

*Decree ordered is to be entered.*