GEORGE WILLIAMS *vs.* SAMUEL W. ROBINSON.

The act establishing a police court in Taunton, (*St.* 1849, *c.* 127, § 8,) provided, that the special justice thereof should have authority to proceed with the business of the court, "in case of the absence, sickness, interest, or any other disability of the standing justice," the cause being assigned on the record; it was held, that an entry on the record, that the standing justice, before the commencement of the action, had heard the facts of the case as stated by the plaintiff, and was therefore "somewhat interested in the plaintiff's favor," was sufficient to justify the standing justice (although the writ was signed by him) to decline proceeding with the cause, and to authorize the special justice to hear and determine it.

THIS was an action of trespass to land, originally brought in the police court of Taunton, and carried by appeal to the court of common pleas. The original writ was issued out of the police court, signed by the standing justice. At the return day, the standing justice refused to try the cause, for the following reason, which was assigned on the record: "This action is tried by the special justice, the standing justice having, before the action was commenced, heard the facts in the case, as stated by the plaintiff, and being therefore somewhat interested in the plaintiff's favor. The defendant, by his counsel, objected to the case being tried before the special justice of said court." The special justice proceeded to try the case and rendered judgment for the plaintiff; from which judgment the defendant appealed

In the court of common pleas, the defendant filed his motion to dismiss the action, because the special justice had no jurisdiction to hear and determine the same. But the presiding judge overruled the motion, and ordered the cause to proceed to trial.

The jury returned a verdict for the plaintiff, and the defendant excepted.

*N. Morton* and *E. H. Bennett,* for the defendant, said that the standing justice was not so interested, or under such a legal disability, as to be disqualified by the statute to try the case; that if he was interested, he ought not to have issued the process; and that if he was not interested, he ought to have tried the case. And they referred to *Northampton* v. *Smith,* 11 Met 390; *Bridge v. Ford,* 4 Mass. 641.

*T. D. Eliot,* for the plaintiff.

METCALF, J. Before this action was commenced, the standing justice of the police court heard the plaintiff state the facts of the case, and thereupon had a bias or prejudice in his favor. This is what we understand by the rather inappropriate language of the record, namely, that he became " somewhat interested in the plaintiff's favor." The question is, whether, for this cause, the standing justice could legally decline to try the case, and the special justice legally try it.

The Rev. Sts. *c.* 87, § 31, provide, that when the standing justice of a police court " is interested in any case pending or cognizable in his court, or is absent, or otherwise unable to hear and determine the same, the fact shall be stated on the record, and the case shall be heard and determined by one of the special justices." And the statute establishing the police court in Taunton, (*St.* 1849, *c.* 127, § 8,) provides that the special justice " shall have power, in case of the absence, sickness, interest, or any other disability of the standing justice, to issue the process of said court, and to hear and determine any matter or cause pending therein; the said cause being assigned on the record."

Justices of police courts perform the duty which, in other courts, is performed by a jury. They decide upon the facts, as well as the law. And if the bill of rights does not declare

that they should be as free, impartial, and independent, as the lot of humanity will admit, yet common justice requires that they shall be as impartial and indifferent as jurors are required to be. But no juror is permitted to sit in the trial of a cause, if he is "sensible of any bias or prejudice therein." Rev. Sts. *c.* 95, § 27. And when we consider the careful provisions which our statutes have always made for the impartial administration of justice, it is impossible for us to suppose that the legislature intended that standing justices of police courts should be held or allowed to try causes in which they do not stand indifferent, or intended that nothing but their absence, interest, sickness, or other physical inability or disability, or mental imbecility, should authorize special justices to act as their substitutes. Is a standing justice to try a case in which his father may be one of the contending parties, merely because he is not interested, nor absent, nor insane, nor idiotic, nor under any physical disability or inability? No. The words "otherwise unable," and "other disability," when applied to the subject-matter of the statutes, are broad enough to include the case of a justice who, for any reason, does not stand indifferent in the cause. Conscious bias or prejudice in favor of one of the parties, or against the other, caused by hearing an *ex parte* statement of the facts of the case, is an inability or disability to try the case, within the just meaning of the statutes. And if these words had not been inserted in the statutes, we should have had no doubt that the standing justice did right in this case, and that the special justice was authorized to try the cause. It was not necessary that the statutes should enumerate all the disqualifications of the standing justice. The rules of the common law and the principles of natural justice are to be applied in the construction of these statutes. Otherwise, the special justice might try a cause in which he is interested, though the standing justice might not; for the statutes have not forbidden him so to do. Nor do the revised statutes prohibit other justices of the peace to try cases in which they are interested. That prohibition comes from another source, and needs no legislative sanction. *Day* v. *Savadge*, Hob. 87. Even an act of parliament, says

lord Holt, " cannot make one, that lives under a government, judge and party." 12 Mod. 688.    *Exceptions overruled.*