KERON CURLEY *vs.* JOHN CHADBURNE & another.

Norfolk. January 25. — 31, 1876. COLT & ENDICOTT, JJ., absent.

An award under the Gen. Sts. *c.* 147, was properly inclosed and sealed up by the arbitrator and transmitted to the court by the hands of the counsel of the party in whose favor it was made, who deposited it unopened with the papers in an action of contract brought upon it. It appeared that the award was not opened by the clerk of the court, nor by either counsel, and it did not appear by whom it was opened. There was subsequently found among the papers in the suit one purporting to be an award by the same arbitrator between the same parties, opened, without envelope or wrapper, or aught to show when or by whom it had been opened or filed. The Superior Court held that the award had not been so returned, filed and opened, as to warrant its acceptance or recommitment; and that there was not any award before the court. *Held*, on a bill of exceptions setting forth the above facts, that there was nothing to show that the judge erred in holding that the Gen. Sts. *c.* 147, § 8, had not been complied with.

MOTION in the Superior Court to accept the award of an arbitrator under the Gen. Sts. *c.* 147. The objection made to its acceptance was that it was not returned, filed and opened in compliance with § 8 of that chapter.

The paper offered for acceptance was an instrument dated December 26, 1873, purporting to be an award in favor of the plaintiff, under a submission before a justice of the peace, which was attached to it. There was nothing about it to show how, when or where it was returned, excepting the words "Filed October 8, 1874," written on its back.

It was proved by oral testimony that the arbitrator inclosed his award in an envelope properly indorsed and directed to the clerk of the Superior Court, and intrusted it to the plaintiff's counsel, who deposited it, unopened, at April term 1874, with the papers in an action of contract brought by the plaintiff against the defendants upon the award, the essential parts of which had been communicated by the arbitrator to the parties; that the award was not opened by the clerk of the court, or by the counsel, or any other person within the clerk's knowledge, that within ten days after the entry of the above named action the defendant's counsel found among the papers belonging to it the one submitted for acceptance, opened, and with no traces of any envelope or wrapper; that when the above named action came on for hearing, the paper was then found among those of the

suit, opened, and without envelope or wrapper; that after the determination of the suit by judgment for the defendants, it was on the same day entered, or reëntered, with a petition for its acceptance, and that then the clerk wrote on its back "Filed October 8, 1874."

On the above facts, *Allen*, J., ruled that the award had not been so returned, filed and opened, as to warrant either its acceptance or recommitment; and that there was not in fact any award before the court. The plaintiff alleged exceptions to this ruling.

*E. Davis*, for the plaintiff.

*W. F. Estey*, for the defendants.

BY THE COURT. There is nothing in the bill of exceptions to show that the judge erred in holding that the provisions of the Gen. Sts. *c.* 147, § 8, had not been complied with.

*Exceptions overruled.*