FRANCES TORREY *vs.* ISRAEL W. MUNROE.

Norfolk.    January 27. — 31, 1876.    ENDICOTT & DEVENS, JJ., absent.

The question of the position of the boundary line of adjacent parcels of land cannot be submitted to arbitration under the Gen. Sts. *c.* 147, § 1.

An award by arbitrators under the Gen. Sts. *c.* 147, determining a boundary line, cannot be enforced by judgment of the Superior Court under § 10 of that chapter.

APPEAL under the Gen. Sts. *c.* 147, § 12, from an order of the Superior Court accepting an award made and returned into court in pursuance of a submission under that chapter.

The demand submitted was "the determination and establishment of the true and original division line between the estates of said Torrey and Munroe, situated on Washington Street, in said Quincy, said line having been long in dispute."

The award determined and established the line, describing it, and referring to a plan annexed and made part thereof.

The defendant moved to set aside the award for the following reasons: "1. That the said arbitrators have no jurisdiction of the subject matter submitted to them, the same involving the

title to real estate, and being neither the subject of a personal action at law or suit in equity.

"2. That the award was such that no judgment can be rendered upon it which can be enforced in this court."

*J. Hewins*, for the plaintiff.

*J. E. Tirrell*, for the defendant.

GRAY, C. J. The judgment of the Superior Court, accepting the award, was erroneous : 1st. Because the matter in controversy could not be the subject of a personal action at law, or of a suit in equity, and therefore could not be submitted to arbitration by agreement before a justice of the peace under the statute. Gen. Sts. *c.* 147, § 1. *Hubbell* v. *Bissell,* 13 Gray, 298. 2d. Because the award could not be enforced by any judgment that the Superior Court could render. Gen. Sts. *c.* 147, § 10. *Brown* v. *Evans,* 6 Allen, 333. *Award set aside.*