WILLIAM M. FRANKS *vs.* SAMUEL FRANKS & another.

Essex.     January 10, 1936. — April 6, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Arbitrament and Award. Jurisdiction. Practice, Civil,* Motion, Requests, rulings and instructions, Exceptions.

Under G. L. (Ter. Ed.) c. 251, a court has no jurisdiction over an award made after a submission to arbitration of a matter which is not a controversy "which might be the subject of a personal action at law or of a suit in equity."

Although an agreement for submission of an alleged controversy to arbitration, in the form prescribed by G. L. (Ter. Ed.) c. 251, § 2, stated

as the matter to be arbitrated the "determination and award of a fair sum . . . to be paid . . . for . . . stock . . . this day sold . . ." if, upon motions before the Superior Court respecting allowance or disallowance of the award, it appeared that the stock had not been sold, it should be ruled that the court had no jurisdiction under G. L. (Ter. Ed.) c. 251.

An attempted submission to arbitration under G. L. (Ter. Ed.) c. 251 was invalid where it appeared that by contract between the parties matters not included in the statutory agreement were also to be submitted to the arbitrators, and that the arbitrators were to make findings not to be reported to the court but which, if made, were to vary and control the judgment to be entered upon the award.

Although a judge, hearing motions respecting the allowance or rejection of an award by arbitrators, purported to be made under G. L. (Ter. Ed.) c. 251, was not required to believe the evidence submitted at the hearing, there was reversible error if, filing no findings of fact, he failed to rule correctly on pertinent requests for rulings of law.

A party to an agreement in the form prescribed by G. L. (Ter. Ed.) c. 251, § 2, purporting to submit a certain matter to arbitration was not thereby precluded from contending, at the hearing in the Superior Court of motions respecting the affirmation or rejection of findings by the arbitrators which were unfavorable to him, that the controversy purported to be submitted was not within the provisions of G. L. (Ter. Ed.) c. 251, § 1, and that the court had no jurisdiction.

The propriety of the disposition of motions in the Superior Court to confirm or reject an award by arbitrators under G. L. (Ter. Ed.) c. 251 may be brought to this court by exceptions.

SUBMISSION TO ARBITRATION, by agreement dated January 17, 1935, purporting to be under the provisions of G. L. (Ter. Ed.) c. 251.

Motions by William M. Franks, hereinafter called the plaintiff, for confirmation of the arbitration award, and by Samuel Franks and Franks Bros. Company, hereinafter called the defendants, for dismissal of the referee and rejection of the award, were heard by *Williams,* J. At the request of the defendants, the judge granted the following requests for rulings:

"3. In determining the terms of a submission the court is bound to consider the terms of any collateral or supplemental agreements entered into between the parties with reference to the terms and manner of submission, even though such agreement modifies the terms of a formal statutory submission."

"7. Any agreement by the parties that the award shall

be final and that there shall be no appeal therefrom does not bar or estop them from attacking the validity or legality of the submission or the award thereunder."

"10. In determining the nature and effect of the award, the court should consider the accompanying findings of fact furnished by the arbitrator to the respective parties in accordance with the provisions of the supplemental agreement."

No ruling was made specifically on the following request:

"11. The arbitration award, in the form in which it is made and as contemplated by the terms of the supplemental agreements between the parties, cannot be the proper subject of a court judgment."

The plaintiff's motion was allowed. That of the defendants was denied. The defendants alleged exceptions.

*S. M. Salny*, for the defendants.

*N. Tobin*, for the plaintiff.

Qua, J. This case involves the validity as a statutory arbitration under G. L. (Ter. Ed.) c. 251 of a submission by agreement between William M. Franks, hereinafter called the plaintiff, and Samuel Franks and Franks Bros. Company, hereinafter called the defendants, and of an award pursuant thereto. Upon the return of the final award to the Superior Court, a judge of that court denied the defendants' motion to reject it and allowed the plaintiff's motion to accept and confirm it.

It is well settled that where an arbitration has been had by agreement of the parties out of court and not under an agreement approved by the court in pending litigation (see Rule 92 of the Superior Court [1932]), the court has no power to wave aside all ordinary procedure and to render judgment upon the mere filing of the award unless the parties have acted in accordance with the statute. Compliance with the terms of the statute is a jurisdictional requirement. *Abbott* v. *Dexter*, 6 Cush. 108. *Bent* v. *Erie Telegraph & Telephone Co.* 144 Mass. 165. *Nay* v. *Boston & Worcester Street Railway*, 192 Mass. 517, 521. *Cochrane* v. *Forbes*, 257 Mass. 135, 143. By those terms the subject matter of statutory arbitration is limited to "Controversies

which might be the subject of a personal action at law or of a suit in equity." G. L. (Ter. Ed.) c. 251, §§ 1, 14.

In this case the agreement for submission was in the form prescribed by § 2. The demand submitted was "The determination and award of a fair sum of money . . . to be paid to William M. Franks by Samuel Franks and Franks Bros. Company for One Hundred (100) shares of the common stock of Franks Bros. Company this day sold and delivered by William M. Franks to Samuel Franks and Franks Bros. Company." If the facts were, as this submission on its face seems to imply, that before the agreement to arbitrate was entered into the plaintiff had completed a sale and delivery of stock to the defendants on terms which obligated the defendants to pay a fair price for it, an issue as to price would be a controversy which might be the subject of a personal action, and so also a proper subject for statutory arbitration. But at the hearing on the motions the defendants filed an affidavit which, if true, would justify, if it did not require, findings of fact that when the agreement of submission was entered into, the stock had not been sold and delivered to the defendants, but that it had been placed in escrow by the plaintiff to be delivered to the defendants upon payment of such award as the arbitrator might make; that no obligation to pay for the stock would arise until after completion of the arbitration; and that in addition to the submission agreement in statutory form the parties at the same time executed a second instrument elaborately regulating the method of carrying out the proposed statutory arbitration, and providing, among other things, that from the amount awarded by the arbitrator certain deductions should be made, that the balance remaining should be paid partly in cash in thirty days from the date of the award and partly in instalments to be secured and paid in a manner to be determined by the arbitrator, that the arbitrator was to place separate values upon certain classes of assets of Franks Bros. Company, that there should be eliminated from the computation of the award the values so placed upon certain of these classes if, after notice of the award, those values

were "not acceptable" to the defendants, that thereafter the arbitrator should appoint a custodian for the sale of such classes of assets, the proceeds of sale to be divided between the parties, and that the arbitrator should determine the proportions in which certain taxes should be borne by the parties. In brief, the affidavit tended to show that the placing of the stock in escrow, the arbitration submission in statutory form and the second instrument were all parts of a single comprehensive agreement by which the plaintiff was to sell out to the defendants his interest in Franks Bros. Company, and that the purported statutory arbitration was not for the purpose of obtaining a decision of any existing controversy which might have been the subject of an action or suit, but was merely a means agreed upon for establishing certain basic valuations from which the price could later be ascertained and paid in accordance with the decision of the arbitrator under the second instrument. The fundamental character of the transaction was not altered by the recommittal to the arbitrator or by the further agreement of the parties authorizing him to revise and to redetermine certain of his original findings.

There is a clearly recognized distinction between the arbitration of a controversy and a contract one term of which calls for the ascertainment by designated persons of values, quantities, losses or similar facts. *Palmer* v. *Clark*, 106 Mass. 373, 389. In *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, the ordinary appraisal of fire losses by referees was held to belong to the latter class and not to the former. In *Hubbell* v. *Bissell*, 13 Gray, 298, a purported award was rejected on this ground. "An award is the judgment of a tribunal selected by the parties to determine matters actually in variance between them — not merely to appraise and settle the price of property contracted for under the stipulation that this term of the contract was to be so ascertained." *Green & Coates Streets Passenger Railway* v. *Moore*, 64 Penn. St. 79, 91. "The provisions of the Arbitration Law are properly applicable to any contract where the parties have agreed to substitute for the courts an informal tribunal of their choice in the settlement of a controversy,

but they are not applicable where the parties have agreed only to permit third parties to decide a particular matter instead of attempting to reach an agreement themselves." *Matter of Fletcher*, 237 N. Y. 440, 451. *Wurster* v. *Armfield*, 175 N. Y. 256. Many cases are discussed in *Toledo Steamship Co.* v. *Zenith Transportation Co.* 184 Fed. 391. See also *Henderson* v. *Adams*, 5 Cush. 610; *Osborn* v. *Fall River*, 140 Mass. 508.

The affidavit further indicates that the submission in the form prescribed by the statute covered only a part of the matters which were intended to be, and which were in fact, submitted to the so called arbitrator, and that under the full agreement, including the second instrument, it was intended that the arbitrator should make, and that he did in fact make, further elaborate findings and awards, which were never returned to court, which were to have effect after the award as to the value of the stock should be returned to court, which were incompatible with any judgment that the court could render on the award returned, and which were of such a character that they could not themselves be expressed in any judgment which the court was competent to render. For these reasons also the award returned would be invalid as a statutory award. "The award must be entire and complete in itself, so that an effectual judgment which may be enforced by some appropriate legal process can be rendered upon it." *Brown* v. *Evans*, 6 Allen, 333, 338. Everything that enters into the award "must, from the nature of the case, be borne upon the award returned to the court." *Day* v. *Laflin*, 6 Met. 280, 285. *Fletcher* v. *Webster*, 5 Allen, 566. *Torrey* v. *Munroe*, 119 Mass. 490. *Cummington Realty Associates* v. *Whitten*, 239 Mass. 313, 326.

It is also urged that the award was invalid under the rule of *Price* v. *Goodenow*, 232 Mass. 267, 269, because it concerned matters involved in suits already pending between the parties. The affidavit lacks precision on this point. In any event we need not extend this opinion by discussion of this and other contentions which may or may not be made at a second hearing on the motions.

It is true that the judge was not obliged to believe the affidavit, but as he filed no findings, it was his duty to rule correctly on requests pertinent to the evidence. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. *Rodde* v. *Nolan,* 281 Mass. 493, 497. The bill of exceptions sufficiently shows that the affidavit was presented to the court as evidence at the hearing on the motions. It was competent. Rule 46 of the Superior Court (1932). *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453, 458. The judge, having granted the defendants' tenth request, should have granted their eleventh request also. We do not pass upon the remaining exceptions, as the questions involved may not be presented in the same form at another hearing. As the issues raised relate to the jurisdiction of the court to act on the award, no waiver or estoppel precludes the defendants from presenting them. *Hubbell* v. *Bissell,* 13 Gray, 298. *Bergeron* v. *Bergeron,* 287 Mass. 524, 526.

The case cannot rightly come before us both on exceptions and on appeal. The affidavit is not part of the record on appeal. We have considered the case on the exceptions. *Merrimac Chemical Co.* v. *Moore,* 279 Mass. 147, 158. Exceptions are permissible in a case of this kind. *Eaton* v. *Hall,* 5 Met. 287. *Giles* v. *Royal Ins. Co.* 179 Mass. 261, 268.

> *Exceptions sustained.*
> *Appeal dismissed.*