SPENCE, BRYSON, INC. *vs.* THE CHINA PRODUCTS COMPANY.

Suffolk. October 11, 1940. — January 6, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Arbitrament and Award. Practice, Civil,* Requests, rulings and instructions.

Delivery of their award into court by arbitrators under § 8 of G. L. (Ter. Ed.) c. 251 is the first step in court in the arbitration proceedings; a previous filing by one of the parties of a copy of the award and the allowance of his motion later to substitute the original award after the arbitrators had filed it with the court in a sealed envelope disclosed no error.

No error appeared in the denial of certain requests for rulings, at a hearing on an arbitration award under G. L. (Ter. Ed.) c. 251, that "the evidence warrants" certain findings bearing on the return of the award, where it appeared that the trial judge, before reaching a decision adverse to the party making the requests, considered the evidence respecting the subject matter thereof.

An arbitration proceeding under §§ 14–22 of G. L. (Ter. Ed.) c. 251 between parties to a previous contract providing for arbitration of controversies arising thereunder was not void in that an agreement, which was made after demand by one of them and provided for arbitration to be held at a specified time before two arbitrators "previously designated" and a third "designated" "to succeed" an arbitrator who had resigned, was not in conformity to § 2 and did not specify any demand in conformity to § 3.

An agreement for submission to arbitration under § 14 of G. L. (Ter. Ed.) c. 251, which provided that judgment upon the award of the arbitrators might be entered "in any court having jurisdiction," sufficiently designated a court to which the award should be delivered under § 8 and delivery to the Superior Court was proper.

AWARD OF ARBITRATION, filed in the Superior Court on June 12, 1939.

In each one of a "series of memoranda of purchase orders" was the following: "Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of the American Arbitration Ass'n. and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction." In each of a "series of contract notes" was the following: "8. Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the Rules, then obtaining, of the American Arbitration Association. This agreement shall be enforceable and judgment upon any award rendered by all or a majority of the arbitrators may be entered in any court having jurisdiction. The arbitration shall be held in New York City or wherever jurisdiction may be obtained over the parties. Three arbitrators shall be selected. Unless the parties have mutually agreed upon qualified persons, one arbitrator shall be appointed by each party and the two so chosen shall designate the third. If either party fails or neglects within a period of fourteen days after written notice by the other, to select an arbitrator, upon its part, or if the two selected by the parties cannot agree upon a third within seven days after they have been chosen, the Arbitration Committee of the American Arbitration Association, upon the request of either party, shall appoint such arbitrator or arbitrators from its National Panel within a period of fourteen days."

A document introduced in evidence as "an agreement to submit to arbitration" was as follows: "We, the undersigned, parties to several contracts dated in 1937, each of which contains a provision for the arbitration of disputes

under the Rules of the American Arbitration Association (Clause 8), in connection with which arbitration was demanded by Spence, Bryson, Inc. under date of February 7th, 1939, hereby agree to proceed with such arbitration on Thursday, March 9th, 1939, at the Boston Chamber of Commerce, before Messrs. Walter C. Ballard and Samuel H. Batchelder arbitrators previously designated and Mr. Donald J. Moore, arbitrator designated yesterday by the American Arbitration Association to succeed Mr. R. W. Maynard, arbitrator previously designated who has resigned."

The finding and award by the arbitrators was: "We award to Spence, Bryson, Inc. the sum of $1,466.44 against The China Products Company, in full settlement of the claim submitted to arbitration."

The case was heard in the Superior Court by *Brogna*, J. Requests by the defendant for rulings were as follows: "1. The evidence warrants a finding that the plaintiff is not entitled to have the award confirmed.  2. If the arbitrators neglected or declined to take into consideration the claim of the defendant for damages sustained as a result of the failure of the plaintiff to deliver goods on the times specified in the contracts dated March 2, 16, 1937, and June 17 and 29, 1937, then the award is not final and hence void.  3. The evidence warrants a finding that the submission agreement is not in compliance with G. L. (Ter. Ed.) c. 251, § 2, and hence the award rendered under that agreement is void. 4. The evidence warrants a finding that the award was not returned to court in accordance with the requirements of G. L. (Ter. Ed.) c. 251, § 8.  5. If the award was not returned in accordance with G. L. (Ter. Ed.) c. 251, § 8, then there is no award before the court and no jurisdiction by the court over the matter.  6. The submission agreement is invalid if it does not designate a court to which the award shall be delivered or transmitted."

The trial judge denied the requests numbered 3, 4, and 6; denied request numbered 1, "in view of facts found"; and denied those numbered 2 and 5 because not in accordance with the facts found, and stated: "I find that the arbitra-

tors considered the defendant's claim of damages for the alleged failure by the plaintiff to deliver the merchandise in accordance with the agreements. I find the award was returned in accordance with law. I find for the plaintiff."

*J. J. Moss*, for the defendant.

*A. T. Wasserman*, for the plaintiff.

Cox, J. The parties submitted to arbitration. The arbitrators made an award in favor of the plaintiff, and at the hearing before a judge of the Superior Court, who found for the plaintiff, the defendant excepted to the denial of certain requests for rulings, and also to the allowance of the plaintiff's motion to substitute the original award for the copy that had previously been filed with the clerk of the Superior Court. See *Franks* v. *Franks*, 294 Mass. 262, 268, and cases cited.

The bill of exceptions states unqualifiedly that the amount of the award of the arbitrators "represented the damages to the plaintiff for failure of the defendant to fulfill its contract to purchase goods sold, under bills of sale." It appears that at the trial the plaintiff introduced a series of "memoranda of purchase orders" and of "contract notes." These purchase orders and notes were also in evidence before the arbitrators. The bill recites that, a dispute having arisen between the plaintiff and the defendant as to "deliveries and payment of merchandise under the aforementioned contract notes and memoranda of purchase orders," the plaintiff demanded arbitration. This demand, in the form of a letter, recites the receipt of a letter from the defendant in which the latter apparently refused to accept delivery of the balance of "your [its] contracts," and that the plaintiff, "a Party to an Arbitration Agreement contained in, or relating to, a written contract, on various dates in 1937, entered into between us, which Agreement provides as per Arbitration Clause No. 8 on our Contracts, copy attached herewith, hereby demands Arbitration . . . ." The copy, alleged to be attached, does not appear in the record. A copy of this demand was filed with the clerk of the Suffolk Superior Court. To it the defendant filed with said clerk the following statement: "We wish to claim that

we are not bound by the contract with ˙ . . . [the plaintiff] because delivery was not made as agreed. We also wish to claim that the amount set forth as the difference between the cost of the goods and the contract price is not correct." The plaintiff had submitted as the subject to be arbitrated: "Balances of merchandise due in connection with the above contracts and losses sustained by us," and after the defendant had filed its claim, as aforesaid, the plaintiff filed a further statement of its demand: "We wish to claim for the difference between the cost of the goods and the contract price . . . ." Thereafter the parties agreed upon arbitrators and signed an agreement which states, among other things, that "We, the undersigned, parties to several contracts dated in 1937, each of which contains a provision for the arbitration of disputes under the Rules of the American Arbitration Association (Clause 8) . . . hereby agree to proceed with such arbitration . . . ."

The defendant contends that it was error to allow the plaintiff's motion to substitute the original award for the copy that had been filed. As appears hereinafter, this proceeding is under G. L. (Ter. Ed.) c. 251, § 8 of which is applicable and provides that the award shall be delivered by one of the arbitrators to the court designated in the agreement, or shall be enclosed and sealed by the arbitrators and transmitted to the court, and shall remain sealed until opened by the clerk. What happened was that a purported copy of the original award signed by the arbitrators, but not enclosed in any envelope and not sealed by the arbitrators, was transmitted to the clerk's office by the plaintiff's attorney, who deposited it "unopened" with the motion for the acceptance and confirmation of the award. Thereafter the arbitrators filed with the clerk the original award in a sealed envelope where it remained unopened until the trial. We are of opinion that the section of the statute in question was complied with. The judge found as a fact that the award was returned in accordance with law.

We think it is apparent that the arbitration was based upon the provisions of §§ 14–22, inclusive, of said c. 251,

§ 14 of which provides that the parties to a contract may agree in writing that any controversy thereafter arising under the contract that might be the subject of a personal action at law or of a suit in equity shall be submitted to the decision of one or more arbitrators. The motion to substitute the original award for the copy was not presented until the trial, although it appears that the original award had been filed previously. Said § 22 provides that proceedings under §§ 14–21, inclusive, shall be governed by the provisions of §§ 6–13, inclusive, not inconsistent therewith. Action by the court upon an award is predicated upon a delivery or transmission of the award in accordance with § 8. This delivery or transmission is the first step in the proceeding in court, and until that is done the court can take no cognizance of the matter. See *Curley* v. *Chadburne*, 119 Mass. 489. Section 9 provides that the award may be returned at any time limited in the submission, and that the parties shall attend without any express notice for that purpose; but the court may require actual notice to be given to either party before it acts upon the award. It is apparent that, when the motion was allowed to substitute the original award, the parties were present or represented in court and that the trial proceeded. It is also apparent that the court's action was predicated upon the original award.

The defendant has not argued its fourth and fifth requests for rulings unless it can be said that its argument on the allowance of the motion comprehends these requests. If we assume that it does, we are of opinion that there was no error in their denial. The finding of the judge that the award was returned in accordance with said § 8 disposes of the fifth request, and his special finding shows that he considered the evidence relating to the filing of the award, so that there was no error in the denial of the fourth request that the evidence warrants a finding that the award was not returned in accordance with the requirements of said § 8. See *Home Savings Bank* v. *Savransky*, 307 Mass. 601, and cases cited.

The defendant contends that there was error in the

denial of its first request, that the evidence warrants a finding that the plaintiff had no cause of action against the defendant, that the plaintiff was the agent of a disclosed principal and had no right to sue (see *Dwight R. Woodford Co. Inc.* v. *Johnson*, 281 Mass. 391, 396), and that the defendant was only a guarantor. (See *Dole* v. *Young*, 24 Pick. 250.) We are of opinion, however, that these contentions cannot prevail. It is true that the bill of exceptions discloses that the plaintiff introduced in evidence a series of "memoranda of purchase orders" and of "contract notes," and that these orders and notes were also in evidence before the arbitrators. In a copy of one of the orders it is stated that the goods referred to "are to be sold by Spence, Bryson & Co. Ltd." and that the plaintiff is the agent of the seller, but not a principal. It also is stated that payment by the purchaser, which appears to be the T. K. Chao Co., is guaranteed by the defendant, and that any controversy arising out of "this contract" or its breach, shall be settled by arbitration. The contract note is from Spence, Bryson & Co., Ltd., addressed to the Chao company, and has a notation "See China Products Letter to S. B. Inc. 5th June 37." The note contains a provision for the settlement of any controversy or claims arising out of or relating to "this contract" or its breach by arbitration. But the bill of exceptions specifically states that the amount of the award represents "the damages to the plaintiff for failure of the defendant to fulfill its contract to purchase goods sold, under bills of sale," and that a dispute had arisen "between the plaintiff and the defendant as to deliveries and payment of merchandise under" the contract notes and memoranda of purchase orders. The defendant, as hereinbefore appears, filed an "answering statement" to the plaintiff's demand, in which it stated that it wished to claim that it was not bound by the contract with the plaintiff "because delivery was not made as agreed," and also claimed that "the amount set forth as the difference between the cost of the goods and the contract price is not correct." The bill further states that the plaintiff offered evidence which tended to show that the arbitrators considered the

issues raised by the defendant's answering statement, and evidence "as to the plaintiff's right to recover." In the circumstances, we think it cannot be said that the bill of exceptions discloses that the arbitration was not based upon a contract between the plaintiff and the defendant, or that it was not subject to arbitration. It was for the defendant, if it could, to demonstrate by its bill of exceptions that there was error, and this it has not done as to the contentions now under consideration. We are also of opinion, for reasons already stated, that it does not appear that the question whether there was any contract between the parties for arbitration was not considered.

The defendant also contends that the arbitration agreement was void for the reasons that the "submission agreement" was not in conformity with the agreement provided for by § 2 of said c. 251, and that it did not contain any specific demand in accordance with § 3 of said chapter. It is true that compliance with the terms of the statute is a jurisdictional requirement. *Franks* v. *Franks*, 294 Mass. 262, 264, and cases cited. But as has been said already, the parties were proceeding under §§ 14–22, inclusive. By express provision of § 22, proceedings under §§ 14–21, inclusive, are to be governed by the provisions of §§ 6–13, inclusive, not inconsistent therewith. It is a familiar principle of statutory interpretation that express mention of one matter excludes other similar matters not mentioned. *Boston & Albany Railroad* v. *Commonwealth*, 296 Mass. 426, 434. Said §§ 14–22, inclusive, were first enacted by St. 1925, c. 294, § 5. Said c. 294 permitted the parties to a contract to agree in writing for the arbitration of controversies thereafter arising under the contract, something that was not permitted by statute theretofore. *Lakube* v. *Cohen*, 304 Mass. 156, 158. It should be so construed as to make the obvious intention of the Legislature effective, at the same time having in mind that the jurisdiction of the court must be found within its terms. The so called "submission agreement" goes no farther than to provide for the date on which the arbitration was to proceed and to name two arbitrators "previously designated," and one who was to succeed an

arbitrator, "previously designated," who had resigned. Section 15 of said c. 251 provides that the agreement of the parties may either name the arbitrators or define the methods by which they are to be chosen, and it could have been found that they were chosen in accordance with the agreement of the parties. In fact, the defendant does not contend that they were not so chosen, if there was an agreement to arbitrate. Accordingly, there was no error in the denial of the defendant's third request, that the evidence warranted a finding that the submission agreement was not in compliance with the provisions of said § 2.

Finally, the defendant contends that there was error in the denial of its sixth request, that the "submission agreement" is invalid if it does not designate a court to which the award shall be delivered or transmitted. Said § 8 provides that the award shall be delivered to "the court designated in the agreement." It could have been found that the agreement of the parties provided that the agreement for arbitration shall be enforceable and judgment upon the award rendered by the arbitrators may be entered "in any court having jurisdiction." The Superior Court had jurisdiction if the agreement and the proceedings were in accordance with said §§ 14–22, inclusive. A copy of the plaintiff's demand for arbitration was filed with the clerk of the Superior Court and the defendant filed with that clerk "an answering statement." In the circumstances, we are of opinion that there was no error in the denial of the sixth request.

All the exceptions that have been argued have been considered.

*Exceptions overruled.*