MEMBERS OF BAKERY AND CONFECTIONERY WORKERS
INTERNATIONAL UNION OF AMERICA, LOCAL NO. 458,
*vs.* HALL BAKING COMPANY
(and a companion case [1]).

Middlesex.  May 7, 1946. — October 5, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Arbitration. Practice, Civil,* Report, Case stated. *Equity Pleading and Practice,* Report. *Contract,* Construction, With labor union. *Labor and Labor Union. Voluntary Association. Words,* "Beyond human control."

Questions of law raised in an arbitration proceeding under G. L. (Ter. Ed.) c. 251, § 2, between a corporation and "the members of" a certain labor union, where the issue agreed to be submitted was "whether or not" a certain agreement between the corporation and the labor union "imposed the obligation" upon the corporation "to pay to those of its employees, members of" said union, "any compensation whatever" "for work or services not rendered to said company" during a period when its establishment was "shut down . . . by reason of a strike of its salesmen drivers," properly was presented to this court upon a report without a decision by a judge of the Superior Court where the judge's report included the report and award of the arbitrator, to which were attached as the sole basis of the award a statement of facts agreed to by the parties and the contract in issue, whether the report of the judge was viewed as under G. L. (Ter. Ed.) c. 231, § 111, in an action at law or as under c. 214, § 31, in a suit in equity.

On a record presented by a report made by a judge of the Superior Court upon the filing of an award by an arbitrator in arbitration proceedings under G. L. (Ter. Ed.) c. 251, § 2, where the submission agreement named as a "party" thereto "the members of a" certain labor union and it was signed in the name of the union by an "attorney," and where no question of the attorney's authority was raised, it could not be said that all the members of the union would not be bound by the award if it should be accepted and confirmed and reduced to judgment.

The mere fact that, had "the members of" a certain labor union, so designated as a "party" in an arbitration agreement with their employer in proceedings under G. L. (Ter. Ed.) c. 251, § 2, procured an award in their favor, separate judgments at law could not have been rendered for them severally, did not preclude the entry of a declara-

---

[1] The companion case is one between the members of the same labor union and Continental Baking Company.

tory decree denying their claim where the issue submitted by the parties was "whether or not" a certain agreement between the employer and the union imposed upon the employer the obligation to pay the members of the union for work or services not rendered during a period when the employer's establishment was "shut down" due to a strike of others of his employees, members of another union, and the case was presented to the court upon a report by the arbitrator based solely upon an agreed statement of facts and the agreement in issue.

A contract between an employer and a labor union, providing that employees, members of the union, should not "suffer loss of time or pay during the breakdown or interruption of service except when caused by conditions beyond human control," and that the company had a right to lay employees off "because of slack work," did not impose upon the employer an obligation to pay members of the union for work or services not rendered by them during a period when he was compelled to shut down his establishment because of a strike of others of his employees, members of another union.

AWARD IN ARBITRATION under G. L. (Ter. Ed.) c. 251, § 2, filed in the Superior Court on July 11, 1942.

The named parties to the agreement for submission to arbitration were Continental Baking Company, a corporation, designated as "party of the first part," Hall Baking Company, a corporation, designated as "party of the second part," and "the members of the Bakery and Confectionery Workers International Union of America, Local No. 458, party of the third part." Signatures were by an attorney for the corporations and by "Bakery & Confectionery Workers Union Local No. 458 by" a certain "attorney."

The agreement was "to submit the demand, a statement whereof is hereto annexed, to the determination of" a named arbitrator. Such "statement" annexed was entitled "Issues," and was in two numbered paragraphs. The first paragraph was as follows: "Whether or not the agreement dated October 20, 1939, and in effect during the months of June and July of 1941, between Hall Baking Company and Bakery & Confectionery Workers Union Local No. 458 governing wages, hours and working conditions of the members of said Local No. 458 working for said Hall Baking Company, imposed the obligation upon Hall Baking Company to pay to those of its employees, members of said Local No. 458, any compensation whatsoever during the period from June 28, 1941, to July 28, 1941, for work and/or

services not rendered to said company by said employees during said period, said bakery having been shut down during said period by reason of a strike of its salesmen drivers during said period."

The second paragraph of the issues was in the same form as the first, except that the "agreement" referred to was of a date April 15, 1940, and was with the Continental Baking Company.

In his award, the arbitrator stated that the cases were submitted to him upon an agreed statement of facts and that the "only other evidence" was the contracts of October 20, 1939, and of April 15, 1940. The agreed statement of facts and the contracts were attached to the award. The arbitrator stated that he found and ruled that the contracts gave the members of the union no claim against either corporation for compensation during the period in question; that he was not certain "as to the scope of" an article in each contract providing that employees should not "suffer loss of time or pay during the breakdown or interruption of service except when caused by conditions beyond human control"; and that he would "welcome a review of . . . [such article] by the court."

After the award was filed in the Superior Court, *Dillon,* J., reported the case in the following form: "Motions for judgment on the arbitrator's award having been filed by both the plaintiff and the defendants, and counsel for both parties having requested the court to report the same, and it appearing that the arbitrator made his award solely on the agreed statement of facts and the contracts between the parties, both of which are attached to or incorporated in the arbitrator's award, and it further appearing that there are proper questions at law involved which ought to be determined by the full bench, it is hereby ordered that the above case be reported without decision to the Supreme Judicial Court for its determination, such judgment to be ordered as justice may require."

*M. T. Camacho,* (*H. C. Gill* with him,) for the plaintiffs.

*B. Helman,* (*W. J. Hickey, Jr.,* with him,) for the defendants.

LUMMUS, J. In 1941 the Hall Baking Company employed seventy-five "inside workers," members of the Bakery and Confectionery Workers Union, Local No. 458. The bakery products made by the inside workers were sold 'by one hundred thirty "driver salesmen" employed by the company, who belonged to a different labor union. Because of a dispute over wages, the driver salesmen went on strike and remained idle from June 28, 1941, until July 28, 1941. Since the company could not sell its bakery products without the services of the driver salesmen, and those products would spoil unless promptly sold, the company was compelled to shut down its bakery during the strike and to notify the inside workers not to report for work. A written agreement, made between said Local No. 458 and the company, was in force, and the inside workers as members of that local union were entitled to the benefit of that written agreement. *Whiting Milk Co.* v. *Grondin*, 282 Mass. 41. *Donovan* v. *Travers*, 285 Mass. 167. *Hamer* v. *Nashawena Mills, Inc.* 315 Mass. 160, 165. *J. I. Case Co.* v. *National Labor Relations Board*, 321 U. S. 332. *Medo Photo Supply Corp.* v. *National Labor Relations Board*, 321 U. S. 678. *Elgin, Joliet & Eastern Railway* v. *Burley*, 325 U. S. 711. Teller, Labor Disputes & Collective Bargaining (1940) §§ 165–168. The inside workers and their local union contend that under that written agreement the inside workers are entitled to full pay during the period of the strike although they did no work and could do no useful work.

The controversy created by that contention, by written agreement between the company and "the members of" the labor union "Local No. 458," signed for the parties by their respective attorneys, was referred to an arbitrator as provided in G. L. (Ter. Ed.) c. 251, § 2. On July 11, 1942, the arbitrator reported to the Superior Court an award that the inside workers are entitled to nothing. When the award came before the Superior Court for acceptance, confirmation and judgment, the judge, upon the request of both parties, reported the case to this court without decision. See *Tisbury* v. *West Tisbury*, 171 Mass. 201; *Cummington Realty Associates* v. *Whitten*, 239 Mass. 313.

The first question is whether such a report without decision was authorized by our practice. Arbitration may be had of any controversy "which might be the subject of a personal action at law or of a suit in equity." G. L. (Ter. Ed.) c. 251, § 1. The "judgment" upon the award may take the form of a judgment at law or a decree in equity. § 10. If appellate procedure upon an award returned to the Superior Court were held to follow the practice in equity, what was done in this case would amount to a report under G. L. (Ter. Ed.) c. 214, § 31, and would bring the case here properly. *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362, 364. *Dunlop* v. *Claussen,* 313 Mass. 715. If, on the other hand, the appellate procedure upon such an award should be held to follow the practice in law cases, (as it must have done before the Superior Court acquired equity jurisdiction, *Eaton* v. *Hall,* 5 Met. 287, *Cummington Realty Associates* v. *Whitten,* 239 Mass. 313, 323; see also G. L. [Ter. Ed.] c. 251, § 12; *Giles* v. *Royal Ins. Co.* 179 Mass. 261), then the question is whether in this case "there is agreement as to all the material facts," for only where there is such "agreement" can an action at law be reported to this court without decision. G. L. (Ter. Ed.) c. 231, § 111. And such "agreement" means a case stated, and nothing less. *Moore* v. *Election Commissioners of Cambridge,* 309 Mass. 303, 305. *Scaccia* v. *Boston Elevated Railway,* 308 Mass. 310, *S. C.* 317 Mass. 245, 248, 249. The present case was not submitted to the arbitrator upon a case stated, but was submitted to him upon agreed facts supplemented by "other evidence" of written agreements between the parties. The award, by the agreement of the parties, determined the law as well as the facts, except as questions of law might be reserved for the Superior Court by the terms of the submission, or, as in the present case, by the voluntary act of the arbitrator. *Fairchild* v. *Adams,* 11 Cush. 549, 554. *Ellicott* v. *Coffin,* 106 Mass. 365. *Carter* v. *Carter,* 109 Mass. 306, 309. *Cowley* v. *Dobbins,* 123 Mass. 587. *Rogers* v. *Mayer,* 151 Mass. 279. *Gillis* v. *Cobe,* 177 Mass. 584, 590, 591. *Selectmen of Danvers* v. *Commonwealth,* 184

Mass. 502, 507. *Electric Supply & Maintenance Co.* v. *Conway Electric Light & Power Co.* 186 Mass. 449, 451. *Cummington Realty Associates* v. *Whitten*, 239 Mass. 313, 323. We think that the award upon which the case was presented to the Superior Court, like the report of an auditor whose findings of fact are made final by agreement,[1] was substantially a case stated. That being so, the case could be reported without decision under the third sentence of G. L. (Ter. Ed.) c. 231, § 111. In any view, the case is properly here.

The parties were properly before the court upon an agreement of submission signed in their behalf by their respective attorneys. When an award made upon a submission so signed is presented to the court for acceptance, confirmation and judgment, the question whether the attorneys were authorized to sign for the parties is open for trial. *Boyden* v. *Lamb*, 152 Mass. 416. See also *J. F. Fitzgerald Construction Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130, 134. But in this case no question is made as to the authority of the attorneys. The members of the union were not named, it is true, nor did allegedly representative members purport to act for the entire membership, after the fashion of a class suit in equity. *Pickett* v. *Walsh*, 192 Mass. 572, 590. *Reynolds* v. *Davis*, 198 Mass. 294, 301. *Becker* v. *Calnan*, 313 Mass. 625, 632. The unincorporated labor union is not a legal entity recognized by our law, and no judgment or decree can be entered in favor of or against it as distinguished from its members. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54. *Worthington Pump & Machinery Corp.* v. *Local No. 259 of the United Electrical Radio & Machine Workers of America*, 63 Fed. Sup. 411. Compare *State Street Trust Co.* v. *Hall*, 311 Mass. 299, 304; *United Mine Workers of America* v. *Coronado Coal Co.* 259 U. S. 344; *United States* v. *White*, 322 U. S. 694; *Busby* v. *Electric Utilities*

---

[1] *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. *Robinson* v. *Lyndonville Creamery Association*, 284 Mass. 396, 398. *Untersee* v. *Untersee*, 299 Mass. 417, 420. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 565. *Pesce* v. *Brecher*, 302 Mass. 211, 212. *Galante* v. *Brockton*, 305 Mass. 480, 481. *Galluzzi* v. *Beverly*, 309 Mass. 135. *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 542, 543.

*Employees Union*, 323 U. S. 72; Note, 149 Am. L. R. 508.

The question in this case is not whether the members of the labor union have been properly made parties defendant to a proceeding by which they were haled before a court, but whether they have voluntarily agreed to a submission to arbitration. The agreement of submission purported to bind the "members" of the local union, not some supposed artificial entity. It is common in the law for individuals to be bound contractually though not named but merely described by the use of a trade or partnership or association name, or otherwise. *Willcox* v. *Arnold*, 162 Mass. 577. *William Gilligan Co.* v. *Casey*, 205 Mass. 26, 31. *Sweetman* v. *Barrows*, 263 Mass. 349, 355. *Farnum* v. *Bankers & Shippers Ins. Co.* 281 Mass. 364, 369. *Stern* v. *Lieberman*, 307 Mass. 77, 80. The members of the local union on behalf of whom the attorney for the union purported to sign the agreement of submission are hardly more difficult to ascertain and identify than they would have been had the equity practice of naming some members as representative of all been followed. See *Malloy* v. *Carroll*, 287 Mass. 376, 392. It cannot be said on the record before us that all the members of the local union would not be bound by the award if it should be accepted and confirmed and reduced to judgment, no question of agency being raised or argued.

It is, however, a principle of statutory arbitration that an award under the statute cannot be effective unless the court can apply and enforce it by some form of judgment or decree within its power. *Brown* v. *Evans*, 6 Allen, 333. *Torrey* v. *Munroe*, 119 Mass. 490. *Cummington Realty Associates* v. *Whitten*, 239 Mass. 313, 326. *Franks* v. *Franks*, 294 Mass. 262. *J. F. Fitzgerald Construction Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130, 134. Under our practice, claims in favor of several individuals cannot be made the subjects of separate judgments in one proceeding, except in a few instances of which the present case is not one. *New York Trust Co.* v. *Brewster*, 241 Mass. 155, 162, 163. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, 145, 146. The statutory exception (G. L. [Ter. Ed.]

c. 231, § 2) as to "money due for manual labor" has no application to the claims of the members of the labor union in this case, which are for money claimed to be due without any kind of labor. Another statutory exception (G. L. [Ter. Ed.] c. 231, § 4) authorizes the joining of "persons severally liable," but not persons severally entitled, upon written contracts. No relief by way of judgments for the payment of money could be given in this case.

We need not consider whether the members of the labor union could be given relief in equity. See *Sanford* v. *Boston Edison Co.* 316 Mass. 631. Under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932) (see now St. 1945, c. 582, § 2), a declaratory decree interpreting the contract between the company and the labor union in force during the period when the bakery was shut down, could have been entered upon proper proceedings in equity, and consequently could be entered upon the award.

We are thus brought to the consideration of the merits of the controversy. The written agreement, dated October 20, 1939, and executed on December 19, 1939, between the Hall Baking Company and the local union, provided that employees shall not "suffer loss of time or pay during the breakdown or interruption of service except when caused by conditions beyond human control." But the agreement contemplated the right of the company to lay employees off "because of slack work." The agreement gives to an employee who reports for work at the starting time on any day a right to pay for four hours' work, but does not deprive the company of the right to notify him seasonably not to report for work. The expression "beyond human control" should be construed, we think, to mean beyond the control of the management of the company, rather than beyond the control of any human being, whether the government, a mob, an invading army, or striking employees whose strike could with certainty be ended only by submission to whatever demands the strikers might choose to make. If construed with the literalness and disregard of practical considerations for which the members of the local union contend, the agreement would constitute a trap into which

they could hardly believe that the company would knowingly walk. It is true that the company was evidently willing to pay for any failure to keep the bakery in operation that might be avoided by the greatest diligence. But it can hardly be believed that the company intended to assume responsibility for interruptions of work caused by the unpredictable conduct of all the world. We think that the arbitrator was right in awarding nothing to the inside workers for the period during which they did not and could not work. Comparable decisions have been made, mainly by administrative tribunals. *Case of General Baking Co. of Boston,* Massachusetts Board of Conciliation and Arbitration, decided September 23, 1941. *Case of Continental Baking Co. of Boston, Ibid.* decided October 31, 1941. *Case of Hathaway Bakeries, Inc., Ibid.* decided December 3, 1941. *Caruso* v. *Sanitary Grocery Co.* decided July 7, 1941 (8 Labor Relations Reference Manual, 1153). *A. D. Juilliard & Co. Inc. Atlantic Mills Division* v. *Textile Workers Union of America, Local 94 (C. I. O.),* decided February 20, 1946 (17 Labor Relations Reporter, 1098).

The companion case is similar to the principal case on the facts, except that the contract in the companion case is less favorable to the contention of the members of the local union. In each case the award is to be accepted and confirmed, and a declaratory decree is to be entered determining that the members of the local union have no right under the governing contract to any payment for the period during which they did not work because of the strike.

*So ordered.*