These are two actions of contract in which the plaintiffs seek to recover from the defendant City overtime pay for the period from October 17, 1947, to November 10, 1949. The answer in each case is a general denial and a plea of payment.
The cases were first heard by Coughlin, Special Justice, but before this Justice rendered his decision he resigned from the bench.
The Report states: “By agreement of parties the cases were consolidated for the purpose of hearing and then submitted to me (Rowe, Justice) in the form of a case stated.” The Report contains a case stated applicable to the two actions.
Both plaintiffs and both defendants filed requests for rulings of law. The trial judge made no decisions and took no actions on the requests for rulings. The Report concludes with these words: “At the request of the parties, *201 it being- agreed that questions of law only are involved, I voluntarily report the cases to the Appellate Division without decision, such entry to be made as law and justice require.”
We are met at the threshold of these cases with the question whether this Appellate Division has jurisdiction of these appeals. It is our duty to consider this of our own motion. Commonwealth v. Andler, 247 Mass. 580, 582; Lord v. Cummings, 303 Mass. 457, 458.
Moreover consent or waiver of the parties cannot confer jurisdiction over cases where jurisdiction is not vested by law. Eaton v. Eaton, 233 Mass. 351, 364. Whether or not we have jurisdiction depends upon Avhether the Report is properly before us and this in turn depends upon whether the trial judge had the right voluntarily to report these cases without deciding them. See Bakery etc. Workers v. Hall Baking Co., 320 Mass. 286, 290; and Scaccia v. Boston El. Ry., 308 Mass. 310, 311.
The statute establishing- Appellate Divisions of District Courts (other than for the Municipal Court of the City of Boston) and conferring jurisdiction upon them is Gr. L. c. 231, § 108. This section proAddes in part: “A single justice may, after decision thereon, report for determination by the Appellate Division any case in which there is an agreed statement of facts or any other case involving questions of law only.”
In our opinion the Avords “after decision thereon” modify and control all the remainder of that portion of the statute which is quoted above. The words certainly modify the words which immediately follow them, namely: “report for'determination by the Appellate Division any case in which there is an agreed statement of facts.” In the tAVo instant cases there Avere “agreed statements of fact.’-’ A “case stated” is one kind of “agreed statement *202 of facts.” Frate v. Jannim, 226 Mass. 430, 431; Rick v. Pittsfield, 316 Mass. 348, 349.
This being so and the trial judge having made no decision, he had no power voluntarily to report the cases to us and we accordingly had no jurisdiction to decide them. Of course the trial judge could not report the cases under the provisions of the clause “or a finding of facts” since he made no such findings. Nor could he rightfully and lawfully report them, as we think he attempted to do, under the terms of the third and final clause which reads: “or any other case involving questions of law only.” He could not do this because, as we have previously stated, the phrase last quoted is modified and controlled by the phrase “after decision thereon.” There is nothing in the wording, grammar or punctuation of the quoted statute to indicate this is not so and everything to indicate that it is so. The final phrase is not set off by a comma or otherwise and in fact after the words — “report for determination by the Appellate Division” there is no punctuation whatever.
A comparison of the portion of Gr. L. c. 231, § 108, quoted above, with the provisions of Gr. L. e. 231, § 111, wherein justices of the Supreme, Superior and Land Courts are given power to report cases to the full Court, strengthens this conclusion. Attention is particularly directed to the following words in the last mentioned statute reading: “A Justice of the Supreme Judicial or Superior Court may . . . report the case to the full Court for determination without making any decision thereon.” No such words occur in section 108 governing reports by a judge of the District Courts to the Appellate Divisions of those Courts. Since the trial judge had no power to report these cases and we have no jurisdiction to decide them the Order must be: Reports dismissed, cases remanded to the District Court of Brock-ton for further proceedings.