ITEK CORPORATION *vs.* HAROLD F. MCENNESS.

, Middlesex.   November 4, 1959. — February 19, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Jurisdiction,* To enjoin action at law, Contract for arbitration, Attachment, Other remedy.   *Arbitration.*   *Contract,* For arbitration. *Attachment.*

A provision of a written contract of employment, that "In event that a dispute shall arise . . . as to the meaning of this . . . [contract] . . . the question may be submitted by either party for determination by an arbitrator selected under the then rules of the American Arbitration Association, whose determinations shall be final and binding . . . [on] both parties and be enforceable in any court of competent jurisdiction," was a valid and binding contract for statutory arbitration of any dispute between the parties at the election of either party; and divergent claims of the parties as to the compensation owed to the employee upon termination of the contract resulted in an arbitrable dispute.   [412]

A party to a written contract containing a valid and binding provision for statutory arbitration of any dispute arising under the contract at the election of either party thereto, upon properly invoking procedure for arbitration of a dispute which was the subject matter of an action against it by the other party, had an adequate remedy under G. L. c. 251, § 21, by stay of the trial of the action until arbitration of the dispute had been had, and was not entitled to maintain a suit in equity to restrain further proceedings in the action until completion of arbitration, nor to have its damages resulting from the bringing of the action assessed.   [412–413]

The defendant in an action whose funds were attached therein was entitled to seek a reduction of the amount of the attachment or a discharge thereof by application under G. L. c. 223, § 114, but was not entitled to seek that relief in equity.   [413]

BILL IN EQUITY, filed in the Superior Court on September 18, 1957.

The suit was heard by *Gourdin,* J., on a master's report.

*James M. Howe,* for the plaintiff.

*Isadore O. Goverman,* (*David S. Goldfine* with him,) for the defendant.

WILLIAMS, J.   This is a suit now prosecuted by Itek Corporation, in substitution for the original plaintiff, Vec-

tron, Inc., to restrain the defendant from proceeding further against it in a pending action of contract until a dispute between the parties has been arbitrated, to release attachments made by trustee process in that action and to have its damages, resulting from the bringing of the action, assessed.

From admissions in the pleadings and the findings of a master it appears that an action at law was brought by the defendant against Vectron, Inc., to recover money allegedly owed him under a contract of employment as assistant to the president of the corporation. The contract was effected by a written proposal of the plaintiff on September 27, 1956, which was accepted by the defendant on the following October 11. The proposal contained detailed provisions as to regular salary, so called "supplemental salary" based upon percentages of the net amounts received by the plaintiff "on account of all contracts or business" for which the defendant was responsible, and the adjustment of expenses. Either party could terminate the contract by thirty days' written notice in which case the salary and supplemental salary due were payable in a prescribed manner. It was provided that: "In event that a dispute shall arise which cannot be settled by our mutual agreement as to the meaning of this memorandum of agreement as to your employment, including what is meant by the phrase 'contracts or business for which you are responsible under this employment,' the question may be submitted by either party for determination by an arbitrator selected under the then rules of the American Arbitration Association, whose determinations shall be final and binding by [*sic*] both parties and be enforceable in any court of competent jurisdiction."

The contract was terminated by the plaintiff on July 31, 1957, at which time a "considerable amount of money" was due the defendant. On or about August 20 the plaintiff submitted to him a statement of the compensation it calculated was due him. On September 12, without making any demand for payment and without notice to the plaintiff,

the defendant commenced the said action of contract in the Middlesex Superior Court by trustee writ which he caused to be served on Harvard Trust Company and Newton-Waltham Bank & Trust Company. An attachment was made of $15,000 of the plaintiff's funds in the latter bank, which attachment was reduced in amount by the court to $7,500. The defendant's declaration alleged moneys due for salary, supplemental salary, and expenses during 1956 and 1957 in excess of $112,000. On September 13, 1957, the plaintiff notified the defendant that as a result of his action at law it had come to its attention that a dispute had arisen under the contract and that it "elected to have said dispute submitted to arbitration according to the provisions of the said contract . . . ." It immediately took formal steps under the rules of the American Arbitration Association to submit the disputes between the parties to arbitration and requested the defendant to discontinue his action and to release any funds of the plaintiff under attachment. The defendant refused to discontinue, to release, and to submit his claims to arbitration.

In his answer the defendant denied that the matter in controversy was covered by the arbitration clause of the contract and prayed "by way of counterclaim" that the plaintiff be restrained from "participating" in arbitration proceedings until final disposition of this suit.

The master found that the plaintiff incurred no damages from the bringing of the action and the attachment of its bank account by the defendant except legal expenses of $2,500 in efforts to have the defendant's claim submitted to arbitration, his prosecution of the action at law restrained, and the attachment released. The defendant's exceptions to the master's report were overruled and the report confirmed. A final decree was entered dismissing the plaintiff's bill and permanently enjoining it as "defendant in counterclaim" from "presenting evidence, [and] participating in or taking any action whatsoever, directly or indirectly, in regard to arbitration proceedings involving the letter agreement dated September 27, 1956, between Vectron, Inc.,"

and the defendant. From this decree the plaintiff appealed.

The defendant's action presented the issue of the amount owed him by the plaintiff for salary, supplemental salary, and expenses. The rule that equity will not issue an injunction to stay proceedings at law where the case can be fully and fairly tried at law governs unless the provision for arbitration makes the application of this rule unjust or inequitable. *Freeman* v. *Carpenter,* 147 Mass. 23, 24. It is urged by the plaintiff that in view of this provision it should not be presently compelled to defend against the action and submit to an attachment of its property. We agree with the plaintiff as to its first contention. The defendant is bound by his agreement which constituted advance consent to arbitrate at the election of either party any dispute which the parties were unable to settle by reference to the terms of their contract. Obviously the divergent claims of the parties as to the compensation owed the defendant result in a dispute which is arbitrable under the agreement. It is a valid agreement for statutory arbitration. G. L. c. 251, § 14. See *Franks* v. *Franks,* 294 Mass. 262, 266; *Spence, Bryson, Inc.* v. *China Prod. Co.* 308 Mass. 81; *Cueroni* v. *Coburnville Garage, Inc.* 315 Mass. 135, 140; *Sanford* v. *Boston Edison Co.* 316 Mass. 631, 636. The controversy is one which might be the subject of a personal action at law or of a suit in equity (*Lakube* v. *Cohen,* 304 Mass. 156, 158–159), and provision is made for an award on which an effectual judgment could be entered. *Brown* v. *Evans,* 6 Allen, 333, 338.

Section 21 of c. 251 provides that, "If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of either the plaintiff or defendant stay the trial of the suit or proceeding until such arbitration has been had in accordance with the terms of the agreement; provided, that the

applicant for the stay is ready and willing to submit to arbitration."

This remedy is available to the plaintiff. It is designed for use in a situation such as we have here. There is no occasion for equitable action.

Nor is there ground for going into equity to obtain a release of the defendant's attachment. The plaintiff has an adequate remedy under G. L. c. 223, § 114, to which it appears it has already resorted for the reduction of the amount or discharge of an excessive or unreasonable attachment. The decision of the court on that matter was final. *DeRosier* v. *Meunier,* 299 Mass. 37. *Weiss* v. *Balaban,* 315 Mass. 390, 393. See *Freeman* v. *Carpenter,* 147 Mass. 23.

The final decree so far as it provides for the dismissal of the plaintiff's bill is affirmed. The plaintiff is entitled neither to an injunction nor to damages. That part of the decree whereby it is enjoined from taking any action in regard to arbitration proceedings is reversed. For reasons stated, the plaintiff has a right to proceed with the arbitration of its dispute with the defendant.

*So ordered.*